## (May 18, 1951.)

HONOR BRAND MILLING COMPANY, INC., Respondent, v. LUTHER H. ROBINSON, as Surviving Partner Doing Business under the Name of GENESEE POULTRY FARM, Appellant.— Order reversed on the law, with $10 costs and disbursements, and motion for a dismissal of plaintiff's complaint granted, with $10 costs. Memorandum: The plaintiff on December 29, 1930, commenced an action for goods sold and delivered against Grace Wixson Newland, doing business as Genesee Valley Poultry Farm. She died in 1935 before any judgment was entered. On August 11, 1949, plaintiff entered judgment against Thomas W. Slaight, as administrator of said Newland. The present action, upon the same demand was commenced in December, 1950, against the defendant, L. H. Robinson, " as surviving partner with Grace Wixson Newland, engaged in business under the firm name of Genesee Poultry Farm ". The assumed name in the Newland action and in the present action is not the same. Defendant moved to dismiss the complaint on the grounds (1) that there is an existing final judgment determining the same cause of action between the parties and (2) that the Statute of Limitations bars the action. The defendant appeals from an order of Special Term which denied the motion. We think the motion should have been granted. The Statute of Limitations has long run against the demand unless, as plaintiff contends, this is a new action under section 1201 of the Civil Practice Act (see *Hofferberth* v. *Nash*, 191 N. Y. 446), which did not accrue until there was an unsatisfied judgment against Newland. Since the 1930 action against Newland was not one " upon a joint obligation, contract or liability " but was one alleging an individual liability only against Newland, section 1201 of the Civil Practice Act has no applicability. Moreover, it is our opinion that the judgment dismissing the complaint in an action between

these parties, commenced in 1949, upon the same demand, is *res judicata*. The allegations of misrepresentations in the 1949 complaint merely went to the anticipated defense of the Statute of Limitations. The present complaint is upon the same demand for goods sold and delivered and instead of alleging false representations, sets out the lack of knowledge on plaintiff's part that the defendant was a partner of Newland. A mistake of fact does not toll the statute. (*Exkorn* v. *Exkorn*, 1 App. Div. 124.) We think the plaintiff is bound by the judgment which dismissed the 1949 action. (See *Linton* v. *Perry Knitting Co.*, 295 N. Y. 14.) All concur. (Appeal from order denying defendant's motion for a dismissal of plaintiff's complaint, in an action to recover the balance claimed to be due for goods sold and delivered.) ·Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD FRIED, Appellant.— Judgment of conviction affirmed. All concur. (Appeal from a judgment convicting defendant of the crime of assault, third degree.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.