Jacob Markowitz, J.
Defendant Jerome Matusow moves pursuant to rule 107 of the Rules of Civil Practice for dismissal of the complaint upon the ground that the action is barred by the three-year Statute of Limitations. By separate motion he moves for dismissal of the complaint pursuant to subdivision 4 of rule 106.
It is alleged that the plaintiff is a corporation organized under the Insurance Law of the State of New York; that the defend *861 ants were copartners pursuant to a written agreement between them and that as such partners they engaged in the insurance business in the name of the defendant Stanley Matusow. Plaintiff engaged in agency agreements with the defendants as such partners authorizing the defendant Stanley Matusow to accept proposals for insurance, charge premiums therefor and collect such premiums as the agent, fiduciary and trustee of the plaintiff. The defendants received and accepted proposals for insurance on behalf of the plaintiff, charged the premiums and collected and received them in their fiduciary capacity as plaintiff’s agent.
The allegations of authority to collect and that both defendants did collect are not conclusory, as well as the allegation that defendants acted in a fiduciary capacity (Insurance Law, § 125). The allegation that plaintiff contracted with the defendants as partners is also not conclusory. The additional allegations that plaintiff became entitled to and rendered monthly accounts of premiums written and collected by the defendants, as agents and fiduciaries for the account of the plaintiff, pursuant to the terms of the agency agreements, are conclusory, in the absence of a copy of the agreement or of a statement of the substance of its terms and provisions.
In any event, it is alleged that defendants, as such partners, did collect as fiduciary agents and did refuse to pay after demand. Finally, it is alleged that before commencement of the action plaintiff demanded of the defendants payment of the moneys collected by them which they refused to pay and have wrongfully converted.
While the fiduciary relationship may exist, nevertheless the action is at law either for breach of contract or in conversion. There has been no breach of trust save failure to pay and the applicable Statute of Limitations must relate to a claim of breach of contract or conversion.
•Service was made upon the moving defendant more than three years after accrual of the claim but upon the codefendant before the expiration of a three-year period. Since the defendants are united in interest, service upon one is sufficient to stop the running of the statute as to the other and therefore the action was commenced within three years as to both defendants. Consequently the character of the action and relief sought are immaterial.
The complaint is couched in language of contract and breach thereof. The allegation of conversion must be deemed surplus-age as relating to the failure 'to honor the obligation to make payment to plaintiff of premiums collected. Nor, in the context *862 of the pleading seeking a money judgment equivalent to the sums collected, is the reference to fiduciary relationship material for plaintiff is complaining basically of a failure to perform the alleged agency agreement.
The complaint is therefore insufficient for failure to attach a copy thereof or to state the substance of the agreed terms or to allege performance on plaintiff’s part and an allegation of performance would be conclusory in the absence of the allegation of the conditions to be performed on plaintiff’s part against which to adjudge upon an allegation of due performance.
The motion to dismiss upon the ground that the action is time barred is denied and the motion to dismiss for legal insufficiency is granted for the reasons indicated, with leave to plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.