**Margaret A. MARION, as Administratrix of the goods, chattels and credits which were of Michael Marion, Deceased, John Ferrara and Raymond Alexander, Plaintiffs,**

v.

**The AIR PREHEATER CORPORATION (sued herein as Air Pre-Heater Corp.), New York Central Railroad Company, Foster Wheeler Corporation and Erie Railroad Company, Defendants.**

United States District Court
S. D. New York.
July 5, 1961.

John P. Smith, New York City, for defendant Foster Wheeler Corporation (Joseph A. Minch, New York City, of counsel).

Harry H. Lipsig, New York City, for plaintiffs.

MacMAHON, District Judge.

This is a motion by defendant Foster Wheeler Corporation to dismiss the complaint as to it upon the ground that it is barred by the statute of limitations.

This action arises out of an accident which occurred in New Jersey on October 2, 1957. Foster Wheeler was served with a supplemental summons and amended complaint on August 23, 1960, more than two years after the accident.

All of the plaintiffs are residents of New Jersey. Jurisdiction of this court is grounded on diversity. The court, therefore, must apply the substantive law of New York, including its conflict rules. Klaxon v. Stentor Electric Mfg. Co., Inc., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Erie R. R. v.

Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Section 13 of the New York Civil Practice Act directs New York courts to "borrow" foreign statutes of limitations when dealing with foreign causes of action prosecuted in New York by nonresidents.

■ Plaintiffs concede that the relevant New Jersey statute bars the action two years after it accrues. They assert, however, that Foster Wheeler is "united in interest" with the co-defendant Air Pre-Heater which was served within the two-year period. They contend, therefore, that Foster Wheeler was constructively served within the permissible period under the provisions of Section 16 of the New York Civil Practice Act. While it is true that under Section 16 an action is deemed commenced against a defendant when a summons is served on a co-defendant who is united in interest, the Section is not applicable here. Parties are "united in interest" when their interest in the subject matter of the action is such that they necessarily stand or fall together. Prudential Ins. Co. v. Stone, 1936, 270 N.Y. 154, 159, 200 N.E. 679.

■ The amended complaint, here, alleges only that Air Pre-Heater and Foster Wheeler "sent" the equipment which subsequently fell from a freight car and injured the plaintiffs. Even if the word "sent" is deemed to include joint loading, it is clear that one defendant could be found to have exercised its portion of the task carefully while the other did so negligently. In such a case, the defendants do not "stand or fall together" and, consequently, they are not united in interest within the meaning of Section 16 of the New York Civil Practice Act. Service upon defendant Foster Wheeler, more than two years after the accident, was therefore outside the period of the statute of limitations.

Defendant's motion for summary judgment is in all respects granted. Judgment for defendant dismissing the amended complaint will be entered accordingly. So ordered.