Charles A. Loreto, J.
Motion to dismiss the second cause of action of the complaint on the ground that the cause did not accrue within the time limited by law for the commencement of an action for wrongful death (Bules Civ. Prac., rule 107, subd. 5).
The complaint sets forth two causes of action for damages resulting from an accident in which plaintiff’s testator met with death when struck down by an automobile on October 20, 1958. The first cause is for damages for pain and suffering-caused to plaintiff’s intestate prior to his death (Decedent Estate Law, §§ 119, 120). The second cause is for damages sought to be recovered for his wrongful death. The Decedent Estate Law (§ 130) provides that “ such an action must be commenced within two years after the decedent’s death.” The decedent died on October 20, 1958 and the action was not commenced within two years thereafter.
The complaint alleges that the decedent was struck by an automobile owned and operated by one Patricia Byan, and that at the time of the accident she was operating the vehicle in furtherance of the defendant’s business.
It is the plaintiff’s claim that, since the defendant is charged with being an “ imputed tort feasor ” and its liability “ derivative ” and “ implied in law ”, the longer limitation provided by sections 48 and 49 of the Civil Practice Act, to wit: six and three years, should apply.
The answer to plaintiff’s contention was given by the Court of Appeals (Mack v. Mendels, 249 N. Y. 356, 358, 359) when it stated: ‘ ‘ The Legislature determines under what circumstances the time limited by statute for commencing an action shall be suspended. The courts construe provisions made by the Legislature creating exceptions or interruptions to the running of the time limited by statute in which an action may be begun. They may not themselves create such exceptions.” Again, the same court in Arnold v. Mayal Realty Co. (299 N. Y. 57, 60) said: “ A Statute of Limitations is not open to discretionary change by the courts, no matter how compelling the circumstances * * * and when given its intended effect such a statute is one of repose, and experience has shown that the ‘ occasional hardship is outweighed by the advantages of outlawing stale claims. ’ (Schmidt v. Merchants Desp. Transp. Co., 270 N. Y. 287, 302.) ”
A statute which creates a cause of action and specifies the period of limitation for its commencement overrides the statute which covers general classifications of actions (Cimo v. *188 State, 306 N. Y. 143, 150). The argument that the court should give a liberal construction to the built-in Statute of Limitations in death cases because of its apparent liberality in the receipt of evidence as to the occurrences on the trial of such suits, is without merit. There is no basis for analogy here. On the one hand we have a right created by the Legislature and the Legislature fixes the limit of time within which the remedy for its violation might be asserted. As to this, there is no ambiguity. Therefore, it is not within the competence of the judiciary to invade it by extending or shortening the time limitation. On the other hand, we deal with evidentiary matter traditionally within the domain of the courts. And in a wrongful death case the court is warranted in modifying an evidentiary rule where the necessities of the case require it in order to promote the ends of justice and where reasonable provision remains to test the accuracy and verity of the proof.
The plaintiff’s further contention is that the Statute of Limitations should be tolled for reasons involving mistake, ignorance or lack of knowledge (which she claims to be the cause of her tardy suit). This contention is also without merit. ‘ ‘ A mistake of fact does not toll the statute.” (Honor Brand Milling Co. v. Robinson, 278 App. Div. 894, 895.) Moreover, the documentary proof submitted by defendant indicates that plaintiff’s failure to make a routine inquiry or investigation was the reason for her lack of knowledge of the defendant’s status as the employer of the driver. At the time of the accident, the latter’s employment was disclosed on the official forms required of her to be filed. Thus, on the New York State M. V. 104A Police Accident Report, her occupation was stated to be “ Secretary on the New York City Police Department form DD97, the same information was given; on the New York City Police Department form DD97A her occupation is listed as “ Sect.” and her business address is listed as 300 Park Avenue, the same address as that of the defendant. All of these reports are public records and were readily obtainable from the appropriate authorities by a party in a lawsuit.
The plaintiff, before the institution of this action against the employer, had commenced another suit against the driver for the same causes. The earlier-commenced suit is pending. Because of this, plaintiff’s attorney urges that, as to the defendant employer in this action, the Statute of Limitations was tolled under section 16 of the Civil Practice Act. He claims that there exists a ‘ ‘ unity of interest ’ ’ between the driver and her employer to permit the application of that section of the *189 act.* The plaintiff misinterprets and misapplies the statute. Here, the interest of the respective defendants is not such that they stand or fall together and that judgment against one will similarly affect the other. There can be no “ unity of interest ” if one defendant has defenses unavailable to the other (Stevens v. Young, 272 App. Div. 784); nor can there be “ unity of interest ” if the defendant that is served could be determined to be liable without a like finding as to the other defendant; nor would a judgment obtained against the defendant in the earlier action be res judicata against the defendant in this action (Bisnoff v. Herrmann, 260 App. Div. 663). If this defendant be derivatively liable, then defenses available to it are not available to the defendant primarily negligent. Moreover, defendant was not a named defendant in the earlier action as required by rule 45 of the Rules of Civil Practice (Leonard v. Pierce, 182 N. Y. 431), nor fictitiously named as a proposed unknown defendant (Civ. Prac. Act, § 215). It is clear that service of process on the primarily negligent defendant in the earlier action has not tolled the statute as to this defendant.
Plaintiff finally contends that the service of defendant’s answer constitutes an abandonment of its motion by way of demurrer. It is the rule that a ‘ ‘ motion may be made under subdivision 6 [now subd. 5] of rule 107 of the Rules of Civil Practice * * * whether or not the defendant has answered ’ ’ (Fitzgerald v. Bigalow, 251 App. Div. 875; see, also, Loehr v. East Side Omnibus Corp., 259 App. Div. 200). If the motion Avas served within the 20-day period and had validity, as here, the answer could be deemed superfluous.
Accordingly, the motion is granted.

 Section 16 provides:
“When action deemed to be commenced. An action is commenced against a defendant, within the meaning of any provision of this act which limits the time for commencing an action, when the summons is served on him or on a co-defendant who is a joint contractor or otherwise united in interest with him.”