BARBARA L. JORDAN et al., Respondents, v. WESTHILL CENTRAL SCHOOL DISTRICT et al., Appellants.— Order unanimously reversed, without costs and motion for summary judgment granted. Memorandum: Respondents were passengers in an automobile operated by one Jim McDonald when it collided in a rear-end collision with a school bus owned by appellant Westhill Central School District and operated by district employee, appellant, Edward J. Shanahan. A notice of claim was properly and timely served upon the School District but the summons and complaint were not served upon the proper official of the School District. Notwithstanding this defect in service we conclude that the action was validly commenced within the statutory period of one year and 90 days (General Municipal Law, § 50-i, subd. 1, par. [c]) by proper service of the summons and complaint upon the driver, Shanahan, since "timely service upon any one of two or more defendants, who are 'united in interest' as to a claim, permanently deprives all codefendants of the defense of the Statute of Limitations" (*Zeitler* v. *City of Rochester*, 32 A D 2d 728; CPLR 203, subd. 6). Appellants are nevertheless entitled to summary judgment dismissing the complaint, since in 1971 prior to the commencement of their respective actions against appellants, respondents executed releases of Jim McDonald without reserving any right against appellants. Although the law has since been changed by statute (General Obligations Law, § 15-108), the rule applicable at the time the releases were given was that a release of one tort-feasor without a reservation of rights against joint tort-feasors is a release of the joint tort-feasors as well (see *Berlow* v. *New York State Thruway Auth.*, 29 N Y 2d 949; *Malviea* v. *Blumenfeld*, 28 N Y 2d 851; *Milks* v. *McIver*, 264 N. Y. 267). Respondent urges that the statute altering this common-law rule be given retrospective application. The general rule is that "statutes 'are to be construed as prospective only, unless a clear expression of intent to the contrary is found'" (*Matter of Mulligan* v. *Murphy*, 14 N Y 2d 223, 226; *Matter of Ayman* v. *Teachers' Retirement Bd.*, 9 N Y 2d 119, 125). We find nothing in section 15-108 of the General Obligations Law which could be construed as a "clear expression of intent" that it be retroactively applied (see *Williams* v. *Pitts*, 40 A D 2d 1057). On the contrary, the statute was passed in June, 1972

but its effective date was postponed until September, 1972 which is evidence that it was not intended to be given retroactive application (see *Matter of Mulligan, supra*, p. 226). (Appeal from order of Onondaga Special Term denying motion for summary judgment in negligence action.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Simons, JJ.