TRANE Co., Appellant, v N. ROBINSON CONSTRUCTION, INC., et al., Defendants; 219 EAST STATE STREET HOTEL PROPERTY, INC., Respondent. FIDELITY AND DEPOSIT CO. OF MARYLAND, Respondent and Third-Party Plaintiff; JOHN A. BROOKE, Respondent and Third-Party Defendant.

Third Department, February 23, 1978

362

---

## APPEARANCES OF COUNSEL

*Edward W. King* for appellant.

*Brown, Kelly, Turner, Hassett & Leach (Frederick D. Turner* of counsel), for Fidelity and Deposit Co. of Maryland and another, respondents.

*Adams, Theisen & Ward (Henry W. Theisen* of counsel), for John A. Brooke, respondent.

## OPINION OF THE COURT

GREENBLOTT, J. P.

Plaintiff seeks to recover damages for sums owing under a contract to deliver air-conditioning equipment for use in a Holiday Inn under construction in Tompkins County. Plaintiff contracted directly with defendant M.F.J. Construction Company (MFJ), a subcontractor, but before delivery plaintiff assured itself of the existence of a payment bond and obtained the prime contractor's written guarantee of payment. Defendant Fidelity and Deposit Company of Maryland (Fidelity) issued its bond to defendant N. Robinson Construction, Inc. (Robinson), the prime contractor.

Plaintiff delivered the equipment between January 18 and 25, 1971. Not having been paid, plaintiff demanded payment under the bond by written notice dated August 6, 1971. The bond contained a one-year limitation on commencement of actions. Plaintiff brought this action against MFJ, Robinson, Fidelity and 219 East State Street Hotel Property, Inc. (Hotel Property), the owner of the land, by delivering for service four copies of the summons to the Tompkins County Sheriff on August 4, 1972. Hotel Property was personally served on August 7, 1972, and the other defendants were served later in August by service upon the Secretary of State and/or the Superintendent of Insurance.

The main issue presented is whether delivery of the sum-

monses was effective to extend the limitation period 60 days under CPLR 203 (subd [b], par 5). Special Term held that delivery did not extend the period in which Fidelity could be served and refused to consider service on the other defendants as valid service on Fidelity since the parties were not united in interest.

We note, first, that Special Term denied Fidelity's cross motion for summary judgment since the parties disputed the date Robinson had ceased work on the project. However, since plaintiff asks us to reverse the denial of its motion for summary judgment, we must assume on this appeal that work terminated on August 5, 1971.

Plaintiff would have us read CPLR 203 (subd [b], par 5) broadly. The statute reads:

"(b) A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when: * * *

"5. * * * the summons is delivered for service upon the defendant to the sheriff in a county in which the defendant resides, is employed or is doing business, or if none of the foregoing be known to plaintiff after reasonable inquiry, then in a county in which defendant is known to have last resided, been employed or been engaged in business, or, where the defendant is a corporation, in a county in which it may be served * * * if the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision."*

Plaintiff argues that the summons may be delivered not only in a county where a corporation may be served, but also where it is doing or has done business. Fidelity argues that the statute restricts delivery, if the defendant is a corporation, to a Sheriff in a county where the corporation may be served.

■ We find it unnecessary to decide this question since, in our view, plaintiff has not established that Tompkins County was a county in which Fidelity may have been served (see CPLR 308, 311), in which Fidelity was doing business at the time of service or in which Fidelity was engaged in business at a time prior to service. "Doing business", as contemplated by

---

* This paragraph was recently amended by chapter 494 of the Laws of 1977, to allow delivery in a county where the cause of action arose. The amendment took effect September 1, 1977. It clearly would aid plaintiff's case, but we are unable to apply it retroactively (McKinney's Cons Laws of NY, Book 1, Statutes, §§ 55, 59; *Simonson v International Bank,* 14 NY2d 281, 290).

the practice code, is more than furnishing a bond from foreign offices to insure the activities of a foreign construction company, even if that company does construction work in Tompkins County. Thus, under no reasonable interpretation of the statute would the Tompkins County Sheriff be the proper recipient of a summons if the object is to effectuate service on Fidelity.

Plaintiff contends that even if Fidelity were not timely served, it is united in interest with Hotel Property and Robinson, which were timely served.

██ Under CPLR 203 (subd [b]), service on a codefendant "united in interest" with the defendant over whom jurisdiction is sought is valid service on the latter defendant. Because of the obvious due process problems, the section may not be loosely applied. Interpreting this section's predecessor (Civ Prac Act, § 16), the Court of Appeals stated: "To be 'united in interest' it is not necessary to be joint contractors or to have a joint interest. If the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other then they are 'otherwise united in interest'." (*Prudential Ins. Co. v Stone,* 270 NY 154, 159.) Later cases have proposed that where defendants can be held individually responsible or where they can raise individual defenses which will not necessarily affect a codefendant, then the defendants are not united in interest (see *Marion v Air Preheater Corp.,* 195 F Supp 426; *Stevens v Young,* 272 App Div 784; *Halucha v Jockey Club,* 31 Misc 2d 186).

█ Although Hotel Property was properly served, it is clear that it is not united in interest with Fidelity. The owner of the property is merely a beneficiary of the payment bond. The obligations and rights of these entities are far from identical. In a lawsuit, the parties would take different positions which, at times, may be adverse. That they both stand to gain from dismissal of the suit is not enough to find them united in interest.

The relationship of Fidelity to Robinson is closer, but because we do not believe the record demonstrates that Robinson was properly served, we need not determine if the two were united in interest. Robinson was served in the same manner as Fidelity. We earlier found it unnecessary to decide how CPLR 203 (subd [b], par 5) should be read, and we similarly find it unnecessary here. A more grammatical read-

ing, it seems to us, would limit the county in which the Sheriff may be served to that where a corporation may be served. That Tompkins County was such a county is not established by the record. But even reading the statute broadly, the other criteria for determining whether the county is proper are not met. No one suggests that Robinson was doing business in Tompkins County at the time of the attempted service. On the other hand, it would be reasonable to assume that Robinson, as general contractor, had been engaged in business in Tompkins County in the past. However, before using this as a basis for service, the plaintiff must demonstrate that he made a "reasonable inquiry" to determine "a county in which the defendant resides, is employed or is doing business". The plaintiff must first attempt to ascertain where the defendant is currently doing business before it can serve process in a county where it once did business. This is a minimal due process requirement.

Scouring the record, we are unable to find anything approaching a reasonable inquiry. Plaintiff's attorney merely asserts his belief that agents of the defendants might have been coming into the county at a later date. That is not enough. The summons in this action notes Robinson's incorporation (as confirmed in the complaint). Plaintiff does not explain its failure to take the obvious and simple step of inquiring with the Secretary of State to determine if Robinson had consented to service upon the Secretary of State. Even if, as plaintiff contends, it was uncertain of Robinson's corporate status, this seems to us to be a mandatory first step in locating a defendant whose whereabouts are unknown. We find that there was no reasonable inquiry to ascertain where Robinson was doing business at the time of service.

We note that even if there had been a reasonable inquiry and, hence, proper service, we would be greatly troubled by the far-reaching implications of holding that a surety and principal are so united in interest that service on the principal confers jurisdiction on the surety. In the general case, the surety would have defenses unavailable to the principal, and could even raise the invalidity of its bond contract with the principal as a defense. In the instant case, the bond instrument makes it clear that the surety can be sued only on the bond. The principal, of course, is subject to a breach of contract action, as well as an action on its own guarantee of payment, so even the causes of action may differ. We reiter-

ate, however, that on the record and briefs before us, we do not feel that this is an opportune time for deciding this issue.

The order should be affirmed, without costs.

KANE, LARKIN, MIKOLL and HERLIHY, JJ., concur.

Order affirmed, without costs.