opinion of the court
Sidney Leviss, J.
In this motion by plaintiff to compel defendants to appear for examinations before trial, defendant Jean-Pierre cross-moves for an order directing a further bill of particulars and for a protective order postponing his examination before trial. Plaintiff, by separate notice of motion, moves to dismiss defendant Jean-Pierre’s affirmative defense of Statute of Limitations and said defendant cross-moves to dismiss pursuant to CPLR 3211 (subd [a], par 5) for lack of timely service.
It is alleged that plaintiff decedent was a patient at St. John’s Episcopal Hospital in December, 1978 when, as a result of the negligence and malpractice of defendants, she sustained severe injuries and died on January 26,1979. An action was instituted against defendant hospital on October 29, 1980 and service was effected on defendant Jean-Pierre on October 5, 1981.
The complaint asserts that defendant Jean-Pierre was a doctor attending the decedent while acting within his scope of employment with defendant hospital. Defendant’s answer admits that he was an employee of the hospital. Plaintiff argues that service upon Jean-Pierre will therefore relate back to the date of timely service upon defendant hospital as this codefendant was united in interest with the hospital.
*946 Pursuant to CPLR 214-a, an action for medical malpractice must be commenced within two years and six months of the act complained of. Hence, although service upon defendant hospital in October, 1980 was timely, the later service upon defendant Jean-Pierre would be barred by this statute. CPLR 203 (subd [b]) provides, however, that a claim asserted in the complaint is interposed against the defendant or codefendant united in interest with him when the summons is served upon the defendant.
The issue thus arises as to whether a doctor employee is in fact united in interest with his employer hospital. In Connell v Hayden (83 AD2d 30, 42-43), the court concluded that the question of unity of interest was to be determined by “(1) the jural relationship of the parties whose interests are said to be united and (2) the nature of the claim asserted against them by the plaintiff.” With respect to the situation where vicarious liability is imposed upon an employer for the wrongful acts of an employee, the court stated that these parties were united in interest and that service upon the employer would permit preparation of all defenses available to the employee (contra Sher v Kronman, 70 AD2d 354).
Accordingly, plaintiff’s motion to dismiss the affirmative defense of Statute of Limitations of defendant Jean-Pierre is granted, in that he was united in interest with defendant hospital and timely service upon the hospital binds this defendant as well.