OPINION OF THE COURT
Joseph S. Levine, J.
Plaintiff brought this action against St. Vincent’s Hospital and eight doctors to recover damages for personal injuries caused by their alleged malpractice. The complaint is based upon the allegedly improper care and treatment the plaintiff received from the defendants between July 18,1979 and March 21, 1980.
One of the defendants, Dr. Sara Kelly, moves for an order dismissing the complaint pursuant to CPLR 3211 (e). Her motion is premised on the fact that she was served the summons With notice on December 19, 1984, more than two and one-half years after the cause of action accrued. She argues that the suit against her is time barred by the relevant Statute of Limitations. (CPLR 214-a.)
The plaintiff opposes the motion and argues that timely service on St. Vincent’s Hospital on May 20,1982, operated to toll the Statute of Limitations as to Dr. Kelly because they were united in interest as employer and employee. The doctrine of “united in interest” finds its statutory expression in CPLR 203 (b).
The classic formulation of criteria for determining whether defendants are united in interest is found in Prudential Ins. Co. v Stone (270 NY 154 [1936]). The Court of Appeals stated that “[ijf the interest of the parties in the subject-matter is such that *986 they stand or fall together and that judgment against one will similarly affect the other then they are ‘otherwise united in interest’ ” (p 159). The rationale of Prudential is logically derived from the policy considerations supporting a Statute of Limitations — to end stale claims and to afford a defendant access to fresh evidence to present a defense. Fairness is the key. If parties must “stand or fall together” to be united in interest, then the later-served defendant is not prejudiced. The timely served defendant has had ample opportunity and reason to investigate all possible defenses which would be shared by the two defendants united in interest.
The evolution of the rule enunciated in Prudential (supra) has resulted in requiring an absolute identity of defenses before defendants will be considered united in interest. If one defendant could possibly assert an independent defense, then the parties are not united in interest. (See, Halucha v Jockey Club, 31 Misc 2d 186 [Sup Ct 1961]; Scher v Kronman, 70 AD2d 354 [1st Dept 1979]; Kircher v Ripton, 119 Misc 2d 364 [1983].) The defendant in this case relies on Scher to support her position that she is not united in interest with St. Vincent’s Hospital. Scher stands for the narrow proposition that because the classic definition of united in interest is not strictly satisfied, the service on Dr. Kelly must be considered untimely.
The hospital’s liability is alleged to be twofold: Vicarious liability by virtue of the doctrine of respondeat superior arising from the claims against eight doctors, and active negligence in “failing to select competent employees with reasonable care and in failing to properly and adequately supervise said employees” (quoted from the plaintiff’s bill of particulars). The defenses available to the hospital are those available to Dr. Kelly and more, those that are occasioned by the allegations of respondeat superior against the remaining doctor defendants and the hospital’s own failure to adequately hire and supervise its personnel. Therefore, the hospital and Dr. Kelly do not “stand or fall together”.
The defendant’s reliance on Scher (supra) is misplaced. The First Department decided that service in Scher was timely for other reasons. This court finds the dicta in Scher concerning unity of interest neither well conceived nor controlling. As Professor McLaughlin noted in his comment to Scher, “[s]urely, the addition of an alternative theory of liability against the employer alone ought not destroy the unity of interest created by the respondeat superior relationship.” (Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C203:3, 1984-1985 Pocket Part, pp 55, 56; emphasis added.)
*987 This court now turns to the Second Department for guidance and well-reasoned law. In a recent line of cases, the Appellate Division has shunned the mechanical application of the classic test and looked to the rationale and purpose of the statute to evaluate unity of interest. (See, Connell v Hayden, 83 AD2d 30 [2d Dept 1981]; Paciello v Patel, 83 AD2d 73 [2d Dept 1981]; Brock v Bua, 83 AD2d 61 [2d Dept 1981].) In Connell (supra, p 40) the Second Department stated that “while [the classic definition] says much, it also leaves much unsaid.”
Verbalizing what the court in Prudential left unsaid, the Second Department considered the legislative history of what is now CPLR 203 (b). This historical perspective revealed a focus upon a jurai relationship between the defendants. Namely, that defendants having the status of joint-contractors or a like relationship would be sufficiently united in interest so that service upon one party would toll the running of the Statute of Limitations on the other party. Additionally, the court analyzed the policies behind the Statute of Limitations. Reviewing these policy considerations, the Second Department declared, “ ‘[T]he primary purpose of the statute [of limitations] is to compel the exercise of a right of action within a reasonable time so that a defendant will have a fair opportunity to prepare an adequate defense. Otherwise, the belated institution of an action might prejudice [defendants]’ ”. (Connell v Hayden, supra, p 40.)
Based upon this meticulous analysis of the problem, the Second Department revised the classic test. Disposing of a mechanical application of the rule, the court ruled that the determination of unity in interest must consider the policy factors which precipitated its creation. The court held that, “question[s] of unity of interest [are] to be determined from an examination of (1) the jurai relationship of the parties whose interests are said to be united and (2) the nature of the claim asserted against them by the plaintiff. In other words, when because of some legal relationship between the defendants they necessarily have the same defenses to the plaintiff’s claim, they will stand or fall together and are therefore united in interest.” (Connell v Hayden, supra, pp 42-43.)
The motion at bar satisfies the analysis established by the Second Department. It is uncontested that Dr. Kelly was a resident-employee of St. Vincent’s Hospital. The employer-employee relationship is a jurai relationship of equal weight as that of joint-contractors. Furthermore, the claim is one of medical malpractice and negligence. The verified bill of particulars alleges, in part, that “3 — 4 defendants Moreno, Adam, Kelly, *988 San Filippo, Romano, Juan, Barressi and Reilly, along with other unknown and unidentified physicians and nurses who rendered care to the injured plaintiff, were employees of the defendant hospital, and in such capacity as the hospital’s agents, servants and/or employees participating in the rendering of negligent medical care to the injured plaintiff.” The Second Department specifically held that claims of vicarious liability were of such a nature that the doctrine of unity in interest applied. “It follows from the foregoing * * * and thus their interests will be united, only where one is vicariously liable for the acts of the other.” (Connell v Hayden, supra, p 45.)
While affirming in principle the classical test of standing or falling together, the Second Department’s analysis of the problem of multiple defendant actions disagree with the rationale propounded by Shachter v Deepdale Gen. Hosp. (NYLJ, May 28, 1979, p 7, col 2). In Shachter the court reasoned that, “The hospital might be held liable for the negligence of Dr. B. even if Dr. A. was exonerated and, therefore, that Dr. A and the hospital would not stand or fall together.” (Connell v Hayden, 83 AD2d 30, 48, supra.) The Second Department rejected this reasoning, holding (pp 48-49) that “as between themselves, Dr. A and the employer hospital did stand or fall together because if A was not liable then the hospital would also escape vicarious liability for his negligence. Hence, their defenses were the same though the defenses of Dr. A and Dr. B might be different” (emphasis added).
By narrowing the perspective in a multiparty action, the liabilities and defenses are reduced so as to key upon the party originally served and the party to be added. The winnowing of the separate and independent claims restores the vitality to the classic test as it reconstructs the original two-party arrangement in which it was created. Applying this rule destroys defendant’s complaint pertaining to multiple defendants. The fact that Dr. Kelly is one of eight possibly negligent persons, in no way affects the relationship between her and the hospital, nor the similarity of the possible defenses which could be raised to answer that specific claim.
A similar analysis destroys the defendant’s second contention that because the hospital allegedly was negligent in hiring and supervising its employees, the hospital could be found independently liable. As previously stated it is the policy of the court to look to the similarity of defenses arising from the claims joining the two parties considered to be united in interest. If the hospital also acts as an independent party, and may be liable under a *989 different legal theory, it does not affect the nature of the liability or defenses arising from the jurai relationship. As Dr. Kelly is being added to this action solely under claim of vicarious liability, and any possible defenses she could possibly have made have necessarily been prepared by the codefendant hospital, this court holds Dr. Kelly and St. Vincent’s united in interest.
Motion to dismiss denied.