■ In the Matter of JOHN PARKER et al., Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Appellants.—In an action, *inter alia,* to recover damages for assault, false arrest, and malicious prosecution, defendants the Port Authority of New York and New Jersey (Port Authority) and Police Officer Edward Nowakowski appeal, as limited by their briefs, from so much of an order of the Supreme Court, Queens County (Cohen, J.), dated November 1, 1983, as denied the Port Authority's motion for summary judgment dismissing the complaint insofar as it is asserted against it, and denied, except as to the sixth cause of action, Nowakowski's motion for summary judgment dismissing the complaint insofar as it is asserted against him.

Order modified, on the law, by granting the Port Authority's motion for summary judgment dismissing the complaint in its entirety insofar as it is asserted against it, and by granting Nowakowski's motion to the extent that the first, second, third, fifth, and seventh causes of action as against him are dismissed. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

On September 23, 1979 defendant Edward Nowakowski engaged in an altercation in his apartment building with his neighbor, Kieran J. Lawlor, and Lawlor's guest, John Parker. Parker and Lawlor suffered physical injuries as a result thereof. Nowakowski, a police officer for the Port Authority, was off duty when the incident giving rise to the instant action arose, and the record establishes as a matter of law that when defendant Nowakowski allegedly engaged in his tortious behavior he was acting outside the scope of his

employment *(Fuller v City of Yonkers,* 100 AD2d 926; *Stavitz v City of New York,* 98 AD2d 529). There is also nothing in the record to indicate that the Port Authority acted negligently in hiring Nowakowski. Accordingly, the Port Authority is entitled to summary judgment dismissing the complaint insofar as it is asserted against it.

Plaintiffs commenced the instant action by serving the Port Authority with a summons and complaint on July 31, 1980. Nowakowski was served by "nail and mail" service in August 1980, but this service was subsequently invalidated. Nowakowski was properly served on December 22, 1980. The complaint alleges causes of action against Nowakowski to recover damages for assault, false arrest, malicious prosecution, and the intentional infliction of emotional distress.

Nowakowski moved for summary judgment dismissing the causes of action pleaded against him based upon the Statute of Limitations. Plaintiffs argue that the motion should be denied because service upon the Port Authority, Nowakowski's employer, prevented the Statute of Limitations from expiring against Nowakowski, who was united in interest with the Port Authority *(see,* CPLR 203 [b]; *Connell v Hayden,* 83 AD2d 30). The issue squarely presented by this case is whether an employee will be considered united in interest with his employer for Statute of Limitations purposes (CPLR 203 [b]) when it is determined as a matter of law' that the employee's allegedly tortious conduct was committed outside the scope of his employment. If the jural relationship between an employer and an employee necessary to create a unity of interest does not exist as a matter of law at the time the employee engages in allegedly tortious conduct, so that, as a matter of law, the employee did not act within the scope of his employment, then service of process upon the employer will not stop the Statute of Limitations from continuing to run as to causes of action which have accrued against the employee, until such time as the employee is properly served.

In *Connell v Hayden (supra,* at p 41), this court noted: "It thus appears that the primary purpose of Statutes of Limitation is to relieve defendants of the necessity of investigating and preparing a defense where the action is commenced against them after the expiration of the statutory period because the law presumes that by that time 'evidence has been lost, memories have faded, and witnesses have disappeared' *(Telegraphers v Railway Express Agency,* 321 US 342, 348-349). In such a case the statute is an absolute bar to plaintiff's action. The united in interest language of CPLR 203

creates an exception to the foregoing rule. Where a defendant is served late, the plaintiff's claim will nevertheless be deemed interposed against him as of the earlier date upon which a codefendant united in interest with him was timely served and the Statute of Limitations will not constitute a bar to the action. The rationale behind this exception is that where the two defendants are united in interest their defenses will be the same and they will either stand or fall together with respect to plaintiff's claim. Timely service upon one of two such defendants gives sufficient notice to enable him to investigate all the defenses which are available to both defendants within the period of limitations".

Within the context of the instant situation, the rationale underlying the unity of interest rule is inapplicable. The interests of the employee who is not served will not be adequately protected because an employer who is free of vicarious liability as a consequence of its employee having, as a matter of law, acted outside the scope of his employment, is highly unlikely to conduct a sufficiently probing investigation into any additional defenses otherwise available to the employee such as would protect the employee from the hazards of lost evidence, faded memories, and disappearing witnesses. The approach adopted by the dissent does no more than place a premium on a plaintiff's ability to technically plead a unity of interest relationship, without affording adequate weight to the need to protect the rights of an employee who has, as a matter of law, acted outside the scope of his employment to prepare a defense when he is finally served long after the expiration of the applicable Statute of Limitations. A separate potential problem area avoided by this approach entails a situation where an employer is served in bad faith, without any basis for properly alleging vicarious liability, simply because the plaintiff is unable to serve the employee and has a need to prevent the expiration of the Statute of Limitations.

Defendant Nowakowski is therefore entitled to summary judgment dismissing the claims asserted against him to recover damages for assault, false arrest, and the intentional infliction of emotional distress. There are issues of fact regarding when the cause of action to recover damages for malicious prosecution accrued, however. The record does not provide a basis for resolving the question of when the criminal proceeding against plaintiffs John Parker and Kieran Lawlor terminated. Therefore, we do not dismiss the fourth cause of action insofar as it is asserted against Nowakowski. Gibbons, J. P., Thompson and Weinstein, JJ., concur.

Brown, J., concurs in part and dissents in part, and votes to modify the order appealed from by granting defendant Port Authority's motion for summary judgment dismissing the complaint as to it and to otherwise affirm, in so far as appealed from, with the following memorandum: There is no dispute between myself and my colleagues as to the granting of summary judgment in this case in favor of defendant Port Authority. The record is clear that, as a matter of law, the acts complained of occurred outside the scope of defendant Nowakowski's employment. Where I disagree with the majority, however, is over the application of CPLR 203 (b)—the unity of interest rule—to the facts of this case in determining whether the action was timely commenced against the individual defendant. The majority concludes that because it has now been determined as a matter of law that the Port Authority is not vicariously liable for its employee's actions, the Port Authority and its employee are not united in interest, and consequently, since the service of the summons and complaint upon the employee occurred after the running of the period of limitation, the first, second, third, fifth and seventh causes of action were time barred as to him. I would hold to the contrary.

The unity of interest rule is an aspect of rules of practice for calculating the periods of limitation in civil actions and proceedings set forth in CPLR 203. In general, the time within which an action must be commenced is to be computed from the time the cause of action accrued to the time the claim is interposed (CPLR 203 [a]). CPLR 203 (b) (1) provides that "[a] claim asserted in the complaint is interposed against the defendant *or a co-defendant united in interest with him* when * * * the summons is served upon the defendant" (emphasis added). It is this latter provision that is the basis of the unity of interest rule. The effect of the rule simply stated is that if a claim is timely interposed against one of two or more named codefendants united in interest, it will be deemed to be interposed at the same time against all of the named defendants and thus will terminate the running of the period of limitations as to the remaining named defendants and deprive them of the defense of the Statute of Limitations. Put another way, if the interest of the parties in the subject matter is such that they stand or fall together and judgment against one will similarly affect the other then they are " 'otherwise united in interest' " *(Prudential Ins. Co. v Stone, 270 NY 154, 159)*.

It is important to note that the unity of interest rule has nothing whatever to do with the acquisition of personal juris-

diction. Thus, while service of a summons upon one defendant interposes the claim against all other named codefendants united in interest with him and stops the running of the period of limitations against them, it is still necessary for the plaintiff to effect service upon each of them in order to obtain jurisdiction *(see, Morrison v Foster,* 80 AD2d 887).

A unity of interest between codefendants has been found to exist based upon a number of legal relationships including: among members of a partnership *(see, Bennett v Watson,* 21 App Div 409; *Stuyvesant Ins. Co. v Matusow,* 26 Misc 2d 860; *Pandolfo v Ansbro,* 10 Misc 2d 51); an insured and beneficiaries *(Prudential Ins. Co. v Stone,* 270 NY 154, *supra; Metropolitan Life Ins. Co. v Di Novi,* 139 Misc 1); or, as here, where the parties share a master-servant or employer-employee relationship *(Connell v Hayden,* 83 AD2d 30; *Jordan v Westhill Cent. School Dist.,* 42 AD2d 1043; *Zeitler v City of Rochester,* 32 AD2d 728; *Plumitallo v 1407 Broadway Realty Corp.,* 279 App Div 1019; *Hatch v Cherry-Burrell Corp.,* 274 App Div 234, *lv denied* 274 App Div 869; *Diver v Jewish Hosp.,* 18 Misc 2d 231; *cf. Halucha v Jockey Club,* 31 Misc 2d 186).

As this court noted in *Connell v Hayden* (83 AD2d 30, 40-41, *supra):* "A proper analysis of the 'united in interest' language of CPLR 203 requires a basic understanding of the policies upon which Statutes of Limitation are based. These policies are briefly reviewed in Note: Federal Rule of Civil Procedure 15 (c): Relation Back of Amendments (57 Minn L Rev 83, 84-85), as follows: 'First, the primary purpose of the statute is to compel the exercise of a right of action within a reasonable time so that a defendant will have a fair opportunity to prepare an adequate defense. Otherwise, the belated institution of an action might prejudice defendant's preparation of evidence. Such prejudice would commonly result, for example, where critical evidence is lost or where the facts have been obscured by the passage of time or faulty memories. The death or removal from the jurisdiction of witnesses is a further problem. Second, the statute relieves the defendant from the otherwise endless psychological fear of litigation based upon events in the distant past. Third, it frees the judicial system from stale claims which make resolution of fact issues both difficult and arbitrary. Fourth, the courts are relieved of the additional caseload which would result if old causes of action were permitted, thus promoting efficient judicial administration. Finally, a limitations period avoids the disruptive effect of unsettled claims upon commercial intercourse. For example, creditors may more accurately determine a person's finan-

cial status if his former outstanding debts have been extinguished by the running of the statute of limitations.' (See, also, Developments in the Law—Statutes of Limitations, 63 Harv L Rev 1177, 1185-1186; 1 Weinstein-Korn-Miller, NY Civ Prac, par 201.01; 2 Carmody-Wait 2d, NY Prac, § 13:1). In the case of *Flanagan v Mount Eden Gen. Hosp.* (24 NY2d 427, 429) the Court of Appeals had occasion to consider the rationale behind Statutes of Limitation stating that they were devised 'to afford protection to defendants against defending stale claims after a reasonable period of time had elapsed during which a person of ordinary diligence would bring an action.' "

Since, by definition, the defenses of parties united in interest will either stand or fall together *(Prudential Ins. Co. v Stone,* 270 NY 154, 159, *supra),* timely commencement of an action against one defendant will allow him to investigate all possible defenses. Therefore, a codefendant who will presumably have the benefit of such investigation will not be prejudiced by the passage of time.

Although, as indicated, the employer-employee relationship such as at bar is one which traditionally has been found to support a unity of interest, by its nature it presents a slight divergence from the classic definition of unity of interest. In an action sounding in tort against an employer and an employee based solely upon actions of the employee, the employer's liability is vicarious in nature, and, under the doctrine of respondeat superior, it may defend the action on the basis that the employee's alleged wrongful acts were committed outside the scope of his employment. In that situation, therefore, the employer has a defense available to it which is not available to the employee, and thus the two defendants do not necessarily stand or fall together.

In a case such as this, where it is the employer who is served first, the policies and reasoning underlying the unity of interest rule hold fast, since all of the defenses available to the later-served employee are also available to the employer, and the employer has had an opportunity to investigate those defenses in a timely fashion. In the converse situation, however, where it is the employee who is served first, there is an additional defense available to the later-served employer, which the employee cannot be expected to investigate. While there is some support for the proposition that the unity of interest rule should not be applied in this latter situation *(see, Halucha v Jockey Club,* 31 Misc 2d 186, 189, *supra;* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:3, p 114), there is significant authority to

the contrary *(see, Connell v Hayden,* 83 AD2d 30, 47-48, *supra; Jordan v Westhill Cent. School Dist.,* 42 AD2d 1043, *supra; Zeitler v City of Rochester,* 32 AD2d 728, *supra; Plumitallo v 1407 Broadway Realty Corp.,* 279 App Div 1019, *supra; Hatch v Cherry-Burrell Corp.,* 274 App Div 234, *supra).* This court in *Connell v Hayden (supra,* at p 48) explained its reasoning as follows: "We agree with the approach of the *Hatch, Plumitallo, Zeitler* and *Jordan* cases and hold that unity of interest does not turn upon whether the actual wrongdoer or the person or entity sought to be charged vicariously was served first. Although that approach admittedly forms a slight exception to the logic behind the unity of interest rule, it is one of long standing and places no insuperable obstacle to the preparation of a defense by the vicariously liable party. The defense in question is not an affirmative one and the plaintiff, in order to establish his right to recovery upon a theory of vicarious liability, will be obligated to prove that the wrongdoing which forms the basis of his suit was committed within the scope of the partnership's or master's business. More importantly, however, that defense does not go to the merits of the plaintiff's claim of negligence or malpractice, but rather it asserts that at the time the acts complained of were committed, the active tort-feasor was not acting within the scope of the relationship which would otherwise give rise to vicarious liability. The facts concerning that relationship are most often readily available to the partnership or master in its records, or are apparent from the alleged facts of the occurrence itself. Thus this is a defense which puts the jural relationship itself at issue and as in the case of *Horne v Loughman* (264 App Div 124, *supra)* the law defers its determination to the trial at which time the defendant asserting it will be discharged by the substantive defense rather than by the Statute of Limitations *(cf.* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR, C203:3)".

In our present case, however, it was the employer who was timely served and, therefore, in line with the reasoning above, it had an ample opportunity to commence a timely investigation into all defenses which were available to its employee. Moreover, it would seem to me that the unity of interest rule should apply in this case even though it has now been established that the actions of the employee were committed outside the scope of his employment. The rationale behind the unity of interest rule is to deprive a defendant of the right to assert the defense of the Statute of Limitations where the policy considerations which the period of limitations is in-

tended to address have been satisfied by the timely commencement of the action against the codefendant.

The determination of whether CPLR 203 (b) should apply so as to allow the date of interposition of a plaintiff's tort claim against a defendant to relate back to an earlier date upon which a codefendant was timely served with process is one which is to be based upon an examination of whether, *on the date that the defendant was served,* he and his codefendant were both charged by the plaintiff with sharing some legal relationship whereby one or both was liable for the acts of the other. In other words, on that date, they must be charged with sharing some jural relationship such that they will stand or fall together with respect to the plaintiff's claim *(Connell v Hayden, supra,* at pp 42-43; *see also, Croker v Williamson,* 208 NY 480, 485). At bar, at the time of the alleged wrongful acts, defendant Nowakowski was an employee of the Port Authority and it is plaintiffs' claim that at that time he was acting within the scope of his employment. Thus, it is clear from the face of the complaint that at the time Nowakowski was served the parties were united in interest as a matter of law.

Following the commencement of the action, the Port Authority was able to commence a timely investigation of the facts and circumstances of the plaintiffs' claim as well as of its defenses including the defenses available to its employee. As a consequence, the possible prejudice to the employee in having to prepare an adequate defense to those claims at a later date was eliminated. The fruits of the Port Authority's investigation, *if* indeed such an investigation was undertaken by it, may be made available to Nowakowski pursuant to CPLR 3101 (a) (4). That the Port Authority has now been able to successfully establish its separate defense on the merits and is no longer a party to this action is irrelevant to the fact that its employee should be precluded from asserting the Statute of Limitations as a defense. The policy reasons for allowing the employee to avoid having to answer an otherwise valid claim by pleading the defense of the Statute of Limitations have been overcome. Under the unity of interest rule, those claims were timely interposed as to him and, accordingly, he must answer them on the merits. The subsequent presentation of facts by the Port Authority, which establish its defense to plaintiffs' claim and entitle it to summary judgment dismissing plaintiffs' complaint as to it, does not destroy the initial legal fact that on the date that Nowakowski was served he and the Port Authority were united in interest as to the plaintiffs' claims.

For the above reasons, I dissent in part, and would affirm so much of Special Term's order as denied those branches of defendant Nowakowski's motion which sought dismissal of the first, second, third, fifth and seventh causes of action.