■ LARRY J. PASCALE et al., as Coadministrators of the Estate of LARRY S. PASCALE, Deceased, Appellants, v WILLIAM REINHARDT, Doing Business as STARFIRE LIGHTING COMPANY, et al., Respondents.—Mahoney, P. J. Appeals (1) from an order of the Supreme Court (Conway, J.), entered November 19, 1987 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered August 11, 1988 in Albany County, which denied plaintiffs' motion for reargument or renewal.

On April 22, 1984, plaintiffs' decedent was killed in an accident while a passenger in an automobile driven by his coemployee, defendant Matthew P. Elie, and owned by his employer, defendant William Reinhardt. By decision filed July 23, 1984, a Workers' Compensation Law Judge (hereinafter WCLJ) found that accident, notice and causal relationship were established and continued the case. In April 1985, these findings were affirmed by the WCLJ, who continued the case for proper awards, which were made in June 1985. By decision

filed March 11, 1987, the Workers' Compensation Board rescinded the previous decisions and restored the case to the Trial Calendar for further development of the record on the issue of accidental death arising out of and in the course of employment.

On July 16, 1987, plaintiffs commenced this action for negligence and wrongful death. Defendants answered, denying the material allegations and asserting, *inter alia*, that the action was barred by the applicable Statutes of Limitations. Defendants then moved for summary judgment dismissing the complaint, which Supreme Court granted, reasoning that more than three years had elapsed since decedent's accident and none of the intervening time was tolled by the pendency of the compensation proceedings under the stay provisions of CPLR 204 (a). Supreme Court denied plaintiffs' motion to reargue or renew and these appeals resulted.

It is undisputed that the workers' compensation case is unresolved and before a WCLJ for further development of the record on the issue of accidental death arising out of and in the course of employment. Until the compensation case is resolved, we do not believe that in the circumstances of this case there is any reason to make any substantive determination of the merits of defendants' motion especially when the parties have taken sharply conflicting positions on the running of the Statutes of Limitations. It may be that the action will be barred by the exclusivity of workers' compensation (Workers' Compensation Law §§ 11, 29 [6]) so that the applicability of the Statutes of Limitations would be rendered academic. Accordingly, we conclude that defendants' motion for summary judgment dismissing the complaint should have been denied without prejudice to a further motion at a later time. This determination makes the appeal from the order denying defendants' motion to reargue or renew academic.

Order entered November 19, 1987 reversed, on the law, without costs, and motion denied without prejudice to a later motion.

Appeal from the order entered August 11, 1988 dismissed, as academic, without costs. Mahoney, P. J., Weiss, Mikoll and Levine, JJ., concur.

Yesawich, Jr., J., dissents in a memorandum. Yesawich, Jr., J. (dissenting). I respectfully dissent. It is, of course, true that should defendants succeed on the exclusivity defense the Statute of Limitations defense is academic. But the fact that at some time in the future defendants may have available to

them an alternative ground on which they might succeed does not in my view render their present motion for summary judgment, which is based not on exclusivity but upon the Statute of Limitations defense, premature. Since disposition of the pending motion will directly affect the rights of the parties, the question is not academic *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714); in short, its resolution should not be avoided simply because defendants may succeed on some other theory not ripe for review.

On the merits I would find that the Statute of Limitations had run as to defendant Matthew P. Elie but not as to defendant William Reinhardt. Without question the statutory periods of limitation for negligence and wrongful death actions had run when plaintiffs commenced their action. However, because Reinhardt was a party to the timely commenced workers' compensation proceeding and the action against him was initiated prior to six months following the termination of that proceeding, the action is timely pursuant to CPLR 205 (a) and (c). It is of no consequence that the workers' compensation proceeding was initiated by Reinhardt rather than plaintiffs for the statute was drawn for the latters' benefit *(see, Hotaling v General Elec. Co.,* 12 NY2d 310, 314; *see also, Cunningham v State of New York,* 60 NY2d 248, 253).

With respect to Elie, however, I would reach a different result. As observed by one authority, "[T]he focus [of CPLR 205] should be on 'whether the defending party was fairly notified of the subject of the dispute within the limitations period' " (McLaughlin, 1985 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C205:1 [1989 Pocket Part], at 128, quoting *Harris v United States Liab. Ins. Co.,* 746 F2d 152, 154). Moreover, actual notice is not sufficient; timely personal jurisdiction must have been obtained over that defendant *(see, Markoff v South Nassau Community Hosp.,* 61 NY2d 283, 288; *see also, Parker v Mack,* 61 NY2d 114, 118; 75 NY Jur 2d, Limitations and Laches, § 278, at 475). Here, the documents in the record relating to the compensation proceeding are conspicuously lacking in any reference to Elie as a party or as someone otherwise entitled to notice of the progress of that proceeding. Consequently, unless he is united in interest with Reinhardt, Elie is free to assert the Statute of Limitations defense *(see,* CPLR 203 [b]).

Reinhardt's liability to plaintiffs is clearly vicarious, either as Elie's employer or as the owner of the vehicle that Elie was driving. In cases involving vicarious liability, where the imputed tort-feasor is timely served, the actual tort-feasor is

generally deemed united in interest because he can assert no defense that his "superior" could not put forth *(see, Connell v Hayden,* 83 AD2d 30, 45-47). However, in the workers' compensation proceeding, Reinhardt maintained that when the fatal accident occurred, decedent was not in the course of employment, a position that deprived Elie of the limitation on liability afforded by Workers' Compensation Law § 29 (6) and thus in a very practical way militated against any unity of interest *(see, Matter of Parker v Port Auth.,* 113 AD2d 763, 765). Although Reinhardt in his answer to plaintiffs' complaint now asserts that the accident occurred within the course of employment, the Statute of Limitations as to Elie had already expired. Since Reinhardt had adopted a position inimical to Elie's position while the Statute of Limitations was running, no unity of interest existed and the Statute of Limitations defense is therefore available to Elie.