■ Preferred Electric & Wire Corp. et al., Respondents, v Duracraft Products, Inc., Defendant, and Richard Pole et al., Appellants.—In an action, *inter alia,* to recover damages for unfair competition and theft of trade secrets and confidential customer lists, the defendants Richard Pole and Duane Pascale appeal from an order of the Supreme Court, Suffolk

County (Gowan, J.), entered November 26, 1988, which denied their motion to dismiss the amended complaint as against them on the ground that it is barred by the Statute of Limitations, and on the ground that the third cause of action fails to state a valid claim upon which relief may be granted.

Ordered that the order is affirmed, with costs.

Upon oral argument, it was conceded that the original summons and complaint were served on the corporate defendant within the applicable Statute of Limitations, but were not timely served upon the appellants. Thereafter, the appellants were added as parties. They then moved to dismiss the action as against them as barred by the Statute of Limitations.

A claim against a new party will relate back to the date upon which the plaintiff's claim was interposed against the original defendant where (1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is "united in interest" with the original defendant *(see, Morrison v Foster,* 80 AD2d 887; 1 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 203.05, 203.06), and (3) the new party knew or should have known that the action would have been against him as well, but for an excusable mistake by the plaintiff as to the identity of the proper parties *(see, Brock v Bua,* 83 AD2d 61, 69). The claims against Duracraft Products, Inc., and the appellants clearly arise out of the same conduct, transaction, or occurrence.

It has been held that "when because of some legal relationship between the defendants they necessarily have the same defenses to the plaintiff's claim, they will stand or fall together and are therefore united in interest" *(Connell v Hayden,* 83 AD2d 30, 43). The appellants, who are officers, directors and shareholders of the corporate defendant but who were not named in the original complaint, contend that they are not united in interest with the corporate defendant because they have defenses available to them which are not available to the corporate defendant, namely, that they are not vicariously liable for the actions of other employees of the corporate defendant, while the corporate defendant could be vicariously liable for such actions.

It has been held that there is unity of interest where an employer is served late even though the employer may have a defense not available to the employee, namely that the employee's acts were not within the scope of his employment *(see, Connell v Hayden, supra,* at 47). The rationale is that timely

service upon the one defendant gives sufficient notice to that defendant to investigate all defenses which are available to both defendants *(see, Connell v Hayden, supra,* at 41; *Brock v Bua, supra,* at 68). The appellants' so-called defenses are merely restatements of the legal principle that they are not vicariously liable for the actions of their coemployees *(see, Connell v Hayden, supra,* at 50), and require no more extensive factual investigation than that which would have been timely conducted by the corporate defendant. Therefore, there is no unfairness in holding that the appellants and the corporate defendant are united in interest *(see, Connell v Hayden, supra; see also, Kladek v St. Vincent's Hosp. & Med. Center,* 128 Misc 2d 985).

Moreover, it cannot be said that the appellants have not, in fact, had a fair opportunity to investigate the claims against them and prepare defenses. It is undisputed that the appellants are the only officers, directors and shareholders of the corporate defendant. It is inconceivable that they would not be aware of the claims that were raised against the corporate defendant or that the claims could have been raised against themselves.

Further, the plaintiffs' failure to amend the complaint to join the appellants prior to the expiration of the three-year limitations period was not due to their inexcusable neglect. Within days of learning of the appellants' possible personal involvement, the plaintiffs informed the corporate defendant and the court of their intention to add the appellants as defendants. Thus, the appellants had actual notice within the limitations period that they would be sued individually *(see, Virelli v Goodson-Todman Enters.,* 142 AD2d 479, 482), and they were subsequently served in accordance with a schedule established with the court.

The appellants' contention, that the third cause of action fails to state a cause of action, is without merit. "[T]he court's attention should be focused on whether the plaintiff has a cause of action rather than whether he has properly stated one" *(Sanbar Projects v Gruzen Partnership,* 148 AD2d 316, 318). Sufficient factual allegations can be discerned from the amended complaint which, taken together, manifest a cognizable cause of action to recover damages for tortious interference with contract. Therefore, the third cause of action must stand *(see, Guggenheimer v Ginzburg,* 43 NY2d 268; *Leibowitz v Bank Leumi Trust Co.,* 152 AD2d 169, 171). Kunzeman, J. P., Eiber, Sullivan and Miller, JJ., concur.