the same general allegations and operative facts as the previous action; the subject matter is the same; the apparati and items pertaining thereto are the same; the alleged breach of contract involves the same transaction, and the grievance is the same, namely deprivation of compensation for ideas and information imparted by plaintiff to defendant, the benefits of which the defendants have unlawfully appropriated and enriched themselves. The action is well taken. (*Petnel* v. *American Tel. & Tel. Co.,* 280 App. Div. 706, 708.) The defendant Cenco Instruments Corporation is also permissibly joined by virtue of the allegations in the complaint, which for present purposes, are presumably true. Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and McNally, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HECTOR VASQUEZ, Appellant.— Judgment rendered March 8, 1968, convicting defendant, upon his plea of guilty, of petit larceny, and committing him, upon a finding of narcotic addiction after a hearing, but without a jury, to the care and custody of the Narcotic Addiction Control Commission for a period not to exceed 36 months, unanimously modified on the law to the extent of remitting the case for a jury trial on the sole issue of whether the defendant is a narcotic addict and otherwise affirmed. (See *People* v. *Harris,* 32 A D 2d 621.) Concur — Eager, J. P., Capozzoli, Tilzer, Markewich and Steuer, JJ.

■ ASCONA CIE., ANSTALT, Appellant, v. HERBERT O. HORN, Defendant, and DINO FAZIO, Respondent. (Action No. 1.) CANTATTI FINANZIARI CINEMATOGRAFICI S. A., Appellant, v. HERBERT O. HORN, Defendant, and DINO FAZIO, Respondent. (Action No. 2.) (And Three Other Actions.) — Order entered March 21, 1968, unanimously modified on the law and the facts and in the exercise of discretion to the extent of granting the branch of the motion for a protective order and vacating the notice of the examination of plaintiffs, and as so modified affirmed, without costs or disbursements, and without prejudice to an application for the examination of plaintiffs on written questions. The requirement that representatives of plaintiffs — corporations of Lichtenstein and Switzerland — travel 3,000 miles for examination before trial is onerous. (*Winds* v. *Hydropress,* 279 App. Div. 1005.) Should defendant apply for the examination of plaintiffs on written questions, the order therefor shall provide that in the event plaintiffs' representatives or officers come to this country for the trial or any other purpose, they shall promptly notify defendant and make themselves available for examination, and if plaintiffs' officers or representatives attend for trial, then they shall submit for examination not later than 5 days before the date of trial. (*Zilken* v. *Leader,* 23 A D 2d 644.) Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and McNally, JJ.

■ BEVERLY BRENNAN v. GULL CONTRACTING CO., INC., et al.—Motion to dismiss appeal granted, with $10 costs. Concur — McGivern, J. P., Nunez, McNally and Steuer, JJ.

■ BEVERLY BRENNAN v. GULL CONTRACTING CO., INC., et al.— Motion to dismiss appeal granted, with $10 costs. Concur — McGivern, J. P., McNally and Steuer, JJ.; Nunez, J., dissents in a memorandum. I dissent. Appellant is being penalized for her lack of financial resources and consequent inability to timely perfect the appeal in this death case. In response to the motion to dismiss, appellant has submitted her affidavit explaining why she was unable to perfect the appeal, and her attorney's affidavit showing merit. The grounds urged as error are the trial court's improper refusal to admit evidence of prior accidents at the same location, and refusal to allow counsel for appellant to select his own jury. The merits are thus proffered and it cannot be said, at this point of the proceeding, that the appeal is without any basis. Simply put, the reason for the delay is alleged to be appellant's inability to timely perfect the appeal due to lack of funds. In