■ MARIA D. ONETO, Appellant, v HOTEL WALDORF-ASTORIA CORP., Respondent. (And a Third-Party Action.)—Order, Supreme Court, New York County, entered April 26, 1978, denying plaintiff's cross motion for a protective order to defer her oral deposition and physical examination until 10 days prior to trial, is unanimously reversed, on the law, on the facts, and in the exercise of discretion, without costs and without disbursements, and the motion granted, unless defendant within 30 days after service of a copy of the order to be settled herein with notice of entry, stipulates in writing that it will pay plaintiff's reasonable airplane and hotel expenses incident to her coming to New York (such expenses to be a taxable disbursement by defendant if ultimately successful in the action), in which event the deposition and physical examination shall be held within 60 days after service of

that stipulation. In this action by plaintiff, a resident of Argentina, recovery is sought for damages allegedly sustained while plaintiff was a guest at defendant hotel during and after the "blackout" of July 13 and 14, 1977. On or about March 3, 1978, defendant served plaintiff with notice of deposition on oral examination to take place in New York in the offices of defendant's attorneys. On April 17, 1978, plaintiff moved for a protective order deferring her deposition and physical examination until 10 days prior to trial. In denying plaintiff's motion and directing that the deposition and physical examination proceed promptly in New York, the court at Special Term noted that no showing of hardship had been made and that "mere nonresidence is not in itself sufficient for the deferral of the deposition." It is, of course, basic that a nonresident litigant is as subject to disclosure in New York under CPLR 3110 (subd 1) as is resident. However, it is also settled that "even if the nonresident party is the plaintiff who has invoked the court's jurisdiction against a New Yorker, the court will adjust disclosure requirements to balance justice on both sides." (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3110:7, p 402.) We are not convinced that defendant will in fact be materially prejudiced if the oral examination of the plaintiff is deferred until a period shortly before the trial is to commence. Nor does there appear a pressing need for immediate physical examination. A medical report furnished defendant on April 13, 1978 disclosed that the fracture allegedly sustained by plaintiff as a result of respondent's negligence had healed. On the other hand, we appreciate that the defendant might legitimately prefer the deposition to proceed expeditiously, and in the normal situation would be entitled to that as an absolute right. As to plaintiff, it is apparent that an airplane trip from Argentina to New York City and a stay of some days at a hotel here far from her home would be both inconvenient and expensive. However, no other hardship is indicated in connection with such a journey. Exact fairness in this kind of a situation is not easy to achieve. (Cf. *Gobhai v KLM Royal Dutch Airlines,* 62 AD2d 962, and *Ascona Cie., Anstalt v Horn,* 32 AD2d 755, with *Fiore v Sun Bank of Bal Harbour, N. A.,* 55 AD2d 874, and *Cooper v Met Merchandising,* 54 AD2d 859.) Under all the circumstances, we think that the appropriate interests of both parties will be served if plaintiff's early appearance in New York for purposes of deposition and physical examination is conditioned upon defendant's initial assumption of the reasonable expenses incident to it with that payment to be a taxable disbursement for defendant if successful at trial. Settle order. Concur—Kupferman, J. P., Silverman, Evans, Lynch and Sandler, JJ.