■ MAX ROSENSTOCK et al., Respondents, v PHYLLIS E. WEBERMAN, Defendant and Third-Party Plaintiff-Appellant. PHILLIP LEVINE et al., Third-Party Defendants-Respondents. — Appeal from that part of an order of the Supreme Court at Special Term (Hughes, J.), entered January 21, 1983 in Sullivan County, which directed that the examination before trial of plaintiff Jeanne Broder shall be by written interrogatories rather than by oral deposition. In this action brought pursuant to article 15 of the RPAPL to compel determination of claims to certain real property, the complaint alleges that plaintiffs acquired title thereto by adverse possession. Defendant in the main action sought an order, *inter alia,* directing the oral examination of plaintiff Jeanne Broder. Defendant, on this appeal, contends that Special Term abused its discretion in ordering that disclosure of Jeanne Broder be by interrogatories rather than by oral deposition. We disagree. Special Term found that plaintiff Broder was a resident of Florida tending to an invalid spouse. The affidavit of plaintiff Max Rosenstock stated that Broder was named as a coplaintiff only because she also has title to the property, that she is well over 70 years of age, as is her husband, and that both reside in Florida. The affidavit further states that Broder's husband was the victim of a stroke and is partially paralyzed on one side, and that Broder is the only person available to take care of him. It also appears that Broder has not been at the property in question for about 20 years and that plaintiff Rosenstock has been in continuous possession and occupation of the property from 1944 to present. Under these circumstances, we cannot say as a matter of law that Special Term abused its discretion (see *People v Bestline Prods.,* 41 NY2d 887; *Oneto v Hotel Waldorf-Astoria Corp.,* 65 AD2d 520). Order affirmed, with costs to plaintiffs. Sweeney, J. P., Main, Casey, Mikoll and Levine, JJ., concur.