(October 29, 1984)

■ AUDREY BALZAC et al., Respondents, v BURTON JEROME et al., Appellants. — In a dental malpractice action, defendants appeal from an order of the Supreme Court, Westchester County (Jiudice, J.), dated May 15, 1984, which denied their motion for leave to serve an amended answer to plead the affirmative defense of the Statute of Limitations and for an order granting summary judgment dismissing the complaint as time barred.

Order modified, by granting that branch of the motion which sought leave to serve an amended answer on condition that (1) defendants' attorneys personally pay plaintiffs $1,250 and (2) defendants execute a stipulation forfeiting any award of disbursements in the event their affirmative defense of the Statute of Limitations should ultimately prove dispositive of this action. As so modified, order affirmed, with costs to plaintiffs. Defendants' time to comply with these conditions is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. In the event the conditions are complied with, the proposed amended answer is deemed served. In the event the conditions are not complied with, then order affirmed, with costs.

Two years after issue was joined in this dental malpractice action, defendants moved, *inter alia,* for leave to serve an amended answer to plead the affirmative defense of the Statute of Limitations.

Under CPLR 3025, leave to amend should be freely granted on such terms as may be just. Leave to serve an amended answer was denied because, in the opinion of Special Term, plaintiffs had invested a considerable amount of time and money to prepare for trial during the two-year delay which would have been avoided by an early adjudication of a timely interposed Statute of Limitations defense.

We agree that if the affirmative defense of the Statute of Limitations "should ultimately prove successful, plaintiffs will have unnecessarily expended time and expense in preparing for trial, much of which could have been prevented by a more expeditious and timely amendment by defendant[s]. This, however, is curable through the imposition of costs. (See *Ciunci v Wella Corp.,* 23 AD2d 754.)" (*Campbell v La Forgia Oil Co.,* 81 AD2d 824; see, also, *Mirabella v Banco Ind.,* 34 AD2d 630).

We also are aware that the party who ultimately prevails in an action is generally permitted at that later date to tax disclosure expenses as disbursements and to recover them from the losing side (see CPLR 8301, subd [a]). Since defendants have also incurred unnecessary discovery expenses due to the untimely amendment and delayed adjudication of the Statute of

Limitations defense, it would be prejudicial to plaintiffs to allow defendants to accept an award of disbursements in the event the action is adjudged to be time barred. Consequently, as a condition for being granted leave to amend, defendants must execute a stipulation forfeiting an award of disbursements if they prevail on the Statute of Limitations defense.

A review of this record on appeal discloses that the last date plaintiff was treated by defendants is in dispute. Therefore, that branch of defendants' motion which sought summary judgment dismissing the complaint on the ground the action is time barred should be denied at this juncture. However, upon complying with the conditions imposed in this decision, defendants may renew that branch of their motion, at which time a separate trial limited to this factual issue should be directed. Brown, J. P., Niehoff, Rubin and Eiber, JJ., concur.