■ NORMAN W. SCHEFF, as Executor of JOAN SCHEFF, Deceased, Appellant, v ST. JOHN'S EPISCOPAL HOSPITAL et al., Defendants, and EDWAR R. ANALA, Respondent.—In an action, *inter alia,* to recover damages for wrongful death, plaintiff appeals from an order of the Supreme Court, Suffolk County (Robbins, J.), dated July 18, 1984, which granted the motion of defendant Anala for leave to amend his answer to interpose

the affirmative defense of the Statute of Limitations as to the plaintiff's wrongful death cause of action.

Order reversed, with costs, and motion denied.

On October 18, 1981, the decedent, Joan Scheff, died following surgery. This wrongful death action by her husband, plaintiff Norman Scheff, was commenced in May 1983 by timely service upon various named defendants. However, defendant Dr. Edwar Rao Anala was not properly served. A joint answer dated July 15, 1983, interposed on behalf of the defendant Suffolk Anesthesiology Associates, P. C., and the five defendant physicians, including the respondent Anala, asserted the defense of lack of personal jurisdiction over Anala by reason of improper service. Anala was not personally served until October 29, 1983, more than two years after the decedent's death (cf. EPTL 5-4.1). Anala than executed a stipulation, at plaintiff's request, the effect of which was to allow his previously interposed answer to stand, but without the affirmative defense of lack of personal jurisdiction. Thereafter Anala sought leave to amend his answer to interpose the defense of the Statute of Limitations. His motion was granted by Special Term and this appeal ensued.

Plaintiff's contention that the stipulation waiving Anala's affirmative defense of lack of personal jurisdiction relates back to the date of his July 15, 1983 answer, thereby depriving Anala of the Statute of Limitations defense, confuses the different but related concepts of claim interposition and acquisition of personal jurisdiction. Simply stated, the running of the Statute of Limitations does not affect the court's ability to acquire jurisdiction over the defendant's person (see, Morrison v Foster, 80 AD2d 887, 887-888; Arce v Sybron Corp., 82 AD2d 308, 310-311). Valid personal service upon Anala on October 29, 1983 subjected him to the jurisdiction of the court and rendered meaningless his prior affirmative defense of lack of personal jurisdiction. By thereafter stipulating to waive that defense, Anala conceded only that jurisdiction over his person had now been acquired. Even had he continued to contest jurisdiction, Anala would have been free to amend his answer to assert any other defenses available to him (cf. Colbert v International Sec. Bur., 79 AD2d 448, 461-465, lv denied 53 NY2d 608; Calloway v National Servs. Indus., 93 AD2d 734, affd 60 NY2d 906), including the Statute of Limitations, absent prejudice or surprise resulting directly from the delay (CPLR 3025 [b]; see, McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755; Balzac v Jerome, 104 AD2d 1015).

Plaintiff further contends that leave to amend defendant Anala's answer to assert the defense of the Statute of Limitations should not have been permitted because under the unity of interest doctrine (CPLR 203 [b]), the date of claim interposition against Anala relates back to the earlier date of service upon his codefendant, Suffolk Anesthesiology Associates, P. C., the medical group with whom Anala was associated at the time plaintiff's claim arose. Anala counters that his Statute of Limitations defense is not precluded by the unity of interest rule because service upon the medical group was not made until after he had disassociated himself from the corporation. These arguments go to the merits of the Statute of Limitations defense, which were not addressed at Special Term. Although the merits of a proposed amendment of a pleading will generally not be examined on the motion to amend unless the lack of merit is clear (see, *Goldstein v Brogan Cadillac Oldsmobile Corp.,* 90 AD2d 512, 514), because unity of interest is a question of law and not of fact (see, *Connell v Hayden,* 83 AD2d 30, 45), it is appropriate, particularly in view of the fact that the parties have briefed the issue, that we address the merits at this juncture.

As with plaintiff's first contention, resolution of this issue also hinges on the ability to separate the concepts of claim interposition and acquisition of personal jurisdiction. It is to be remembered that the notice policy relevant to the unity of interest rule relates to claim interposition only; as such, "[t]he notice required * * * may be informal because it is intended only to satisfy the rationale underlying the Statute of Limitations * * * and not the more stringent notice requirement underlying the acquisition of jurisdiction over a defendant by the service of a summons" (*Brock v Bua,* 83 AD2d 61, 69; see also, *Connell v Hayden, supra,* at pp 40-41). The unity of interest rule deprives a late-served codefendant of the Statute of Limitations defense because where the legal relationship between codefendants is such that they necessarily have the same defenses, timely interposition of plaintiff's claim against one codefendant satisfies the purpose of the Statute of Limitations that defendants have a fair opportunity to investigate claims against them and prepare defenses (see, *Connell v Hayden, supra,* at p 41). Because unity of interest is a function of the nature of the claim asserted and the jural relationship of the defendants with respect to that claim, and has nothing to do with the acquisition of personal jurisdiction, what matters is not whether the necessary jural relationship between codefendants existed on the date of service but whether there

was timely service upon the codefendant with whom the late-served codefendant is alleged to be united in interest *(see, Connell v Hayden, supra,* at pp 41-43).

The complaint served in this case alleges, and Anala has admitted, that at the time he treated the decedent he was associated with Suffolk Anesthesiology Associates, P. C., and was acting within the scope of his employment. Anala must therefore be found, as a matter of law, to be united in interest with the timely served codefendant medical group *(see, Connell v Hayden, supra,* at pp 46-47; *see also, Matter of Parker v Port Auth.,* 113 AD2d 763). Because Anala is united in interest with his timely served codefendant Suffolk Anesthesiology Associates, P. C., the date of claim interposition upon Anala relates back to the date upon which the latter was served and renders the Statute of Limitations defense without merit. Accordingly, Special Term should have denied leave to amend Anala's answer to interpose that defense. Gibbons, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.