■ BRIAN N. STEARN, Respondent, v FORD MOTOR COMPANY et al., Appellants.—In an action to recover damages, *inter alia,* for breach of warranty regarding an automobile manufactured by the defendant Ford Motor Company and sold by the defendant Hempstead Lincoln-Mercury Motors Corp., doing business as Garden City Saab, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Velsor, J.), dated August 28, 1985, as, upon granting their motion, *inter alia,* for leave to inspect the subject vehicle, directed that in the event they elected to inspect the subject vehicle at their place of business, they would be liable to the plaintiff for his reasonable expenses of having a qualified representative observe the inspection if the plaintiff chose to have such a representative present at the inspection.

Ordered that the order is modified by adding a provision that any expenses incurred by the defendants as incident to the plaintiff having a qualified representative present at any inspection to be had at the defendants' facility shall be a taxable disbursement by the defendants if they are ultimately successful in the action. As so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

Under the circumstances, it cannot be said that Special Term abused its discretion in conditioning the defendants'

inspection of the plaintiff's vehicle at their facility upon the defendants' assumption of the plaintiff's reasonable expenses of having a qualified representative of the plaintiff present at the inspection. It would appear that the challenged direction was imposed to prevent unreasonable annoyance, expense and prejudice to the plaintiff at this stage of the proceedings (CPLR 3103 [a]). However, such expenses are to be a taxable disbursement by the defendants if they are ultimately successful in the action (see, CPLR 8301 [a]; cf. Balzac v Jerome, 104 AD2d 1015, appeal dismissed 64 NY2d 884; Oneto v Hotel Waldorf-Astoria Corp., 65 AD2d 520). We note that under the order appealed from the defendants may inspect the subject vehicle at the plaintiff's premises without any conditions, if they be so advised. Thompson, J. P., Weinstein, Lawrence and Eiber, JJ., concur.