■ JACOB STEIN et al., Respondents, v LAWRENCE A. BLATTE, Appellant, et al., Defendants

On April 15, 1970, the plaintiffs sold a 140-acre parcel of vacant land located in Suffolk County to Nellen Development Corp. (hereinafter Nellen). At the time of the transfer of title, Nellen executed a note in the amount of $592,411.50 and a

purchase-money second mortgage. The property was already encumbered with a first mortgage held by the Mid-Island Council of Girl Scouts, Inc. Over the next five years, a series of conveyances and assignments took place. The defendants Blatte, Mattikow and Cervera acquired title to the property in July 1975 and executed an extension agreement whereby their time in which to pay the balance owing on the note and second mortgage was extended to July 8, 1976. In consequence of the defendants' failure to make any of the payments called for in the extension agreement, the plaintiffs commenced an action against them to foreclose the second mortgage. The plaintiffs were awarded summary judgment in that action but proceeded no further. The first mortgagee meanwhile obtained a judgment of foreclosure pursuant to which the subject property was sold. Inasmuch as no surplus resulted from the sale, the plaintiffs' equitable lien was effectively extinguished.

In March 1982 the plaintiffs commenced an action in Nassau County pursuant to CPLR 3213 to recover the mortgage debt. That action was converted to a plenary action which was dismissed "without prejudice to any available steps plaintiffs [might] be advised to take in New York Supreme Court, Suffolk County". The plaintiffs' subsequent motion for leave to commence an action to recover on the unpaid mortgage debt was granted by the Supreme Court, Suffolk County (Lama, J.), by order dated March 9, 1984. The order specifically directed the plaintiffs to commence such action within 30 days from the date of the order.

The plaintiffs thereafter commenced an action in Nassau County to recover on the unpaid mortgage debt by serving the summons and complaint upon the defendant Mattikow on April 6, 1984. The process server was unsuccessful in effecting personal service upon the defendant Blatte. The defendants Blatte and Mattikow, who were represented by the same counsel, interposed an answer containing various affirmative defenses, including the lack of personal jurisdiction and the expiration of the Statute of Limitations. The plaintiffs moved for dismissal of the affirmative defenses and for summary judgment. The Supreme Court, Nassau County (Velsor, J.), found that Blatte had not been properly served. On that basis, the court sustained the defense of lack of personal jurisdiction with respect to the defendant Blatte and dismissed the complaint insofar as it is asserted against him. The court also found that a triable issue of fact exists as to whether the action was time barred in March 1982 contingent upon a determination of whether the plaintiffs had accelerated the

maturity of the debt such that the date on which the cause of action accrued was in dispute. The plaintiffs' motion for leave to reargue was denied by order entered March 26, 1986.

On April 12, 1986, Blatte was properly served with an amended summons and verified complaint. He thereafter moved to dismiss the action against him pursuant to CPLR 3211 on the ground that it was time barred by virtue of the plaintiffs' failure to comply with the conditions set forth in the order of Justice Lama dated March 9, 1984. The instant appeal has been taken from the denial of that motion.

Justice Lama granted the plaintiffs permission to commence the instant action on the express condition that it be commenced within 30 days from the date of that order. Service upon Blatte on April 12, 1986, was beyond the time frame set forth therein. As such, the action against him was untimely and should have been dismissed.

The plaintiffs' argument that the action should be deemed interposed against Blatte as of the earlier date upon which a codefendant united in interest with him was timely served is without merit. CPLR 203 (b), which contains rules which determine when the Statute of Limitations stops running on a plaintiff's claim, pertains only to Statutes of Limitations and deprives a late-served codefendant of that defense (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:2, at 114; *Scheff v St. John's Episcopal Hosp.,* 115 AD2d 532, 534; *Connell v Hayden,* 83 AD2d 30, 41). CPLR 203 (b) does not apply to a conditional time period created by a court order.

Under the circumstances, the defendant Blatte's motion to dismiss the action against him was improperly denied. The fact that counsel, who represented both the defendants Blatte and Mattikow, served an answer on behalf of both does not alter this result, since the defense that the action was untimely commenced was raised in that answer. Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.