MOLLIE SCHER, Individually and as Administratrix of the Estate of LOUIS SCHER, Deceased, Respondent, v BARRY S. KRONMAN, Appellant, et al., Defendants.

First Department, October 23, 1979

### APPEARANCES OF COUNSEL

*James M. O'Brien* of counsel *(Kevin J. Murtagh* with him on the briefs; *O'Brien & Keefe,* attorneys), for appellant.

*William D. Fireman* of counsel *(Alfred S. Julien* and *Stuart D. Schwartz* with him on the brief; *Julien, Schlesinger & Finz, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

BLOOM, J.

Plaintiff brought this action against Drs. Haroldson and Kronman, among others, including Columbia-Presbyterian Hospital, to recover for the wrongful death of her intestate based on claims of alleged malpractice. Plaintiff's intestate died on February 24, 1973. The time in which this action was required to be commenced was two years after his death (EPTL 5-4.1).

On February 24, 1975, plaintiff served summonses with notice on the Sheriff of the City of New York, thus extending the time to effect service upon Haroldson, Kronman and others for a period of 60 days (CPLR 203, subd [b], par 5). On March 3, 1975, the Sheriff made his return certifying that the places of sojourn of Haroldson and Kronman could not be found. Investigation thereafter conducted by plaintiff's counsel disclosed that Haroldson had removed to New Jersey and that Kronman had removed to Florida. The Sheriff was so notified and personal service was effected on Dr. Haroldson in New Jersey on March 13, 1975 and on Dr. Kronman in Florida on April 9, 1975. Subsequently, the attorneys for these two doctors moved separately for summary judgment upon the ground that the action against each of them was time-barred. Special Term denied these motions and these appeals followed. Haroldson has since abandoned his appeal, but our holding with respect to Dr. Kronman is applicable equally to him.

So far as may here be pertinent, CPLR 203 (subd [b], par 5)

at the time of the service upon Haroldson and Kronman, read as follows:

"(b) * * * A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when: * * *

"5. [T]he summons is delivered for service upon the defendant to the sheriff in a county in which the defendant resides, is employed or is doing business, or if none of the foregoing be known to plaintiff after reasonable inquiry, then in a county in which defendant is known to have last resided, been employed or been engaged in business, * * * if the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision".

At Special Term, plaintiff placed substantial reliance upon the contention that the doctors were employees of Columbia-Presbyterian and therefore were united in interest with it. Thus, she asserted that service upon Columbia-Presbyterian within the time limited by law, subjected the doctors to the jurisdiction of the court under CPLR 203 (subd [b]). We do not think this argument well taken. The defendants are six in number, five of whom are physicians and surgeons, the sixth being their alleged employer, Columbia-Presbyterian. While the hospital may be held liable for the negligence of any one or more of its employees under the doctrine of *respondeat superior,* it does not follow that an. employee who was not negligent can be held liable for the malpractice of his fellow employee or employees. Moreover, plaintiff's bill of particulars, in alleging that Columbia-Presbyterian failed to furnish plaintiff's intestate with adequate facilities and equipment, asserts an independent basis for imposing liability upon the hospital even though a jury determines that none of the doctors was guilty of malpractice. In the circumstances here presented, it cannot be said of the doctors and Columbia-Presbyterian, that their "interest * * * in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other[s]" *(Prudential Ins. Co. v Stone,* 270 NY 154, 159; see, also, *Butler v UBS Chem. Co.,* 32 AD2d 8; *Trane Co. v Robinson Constr.,* 61 AD2d 360).

However, for other reasons, we conclude that there is a sound basis for holding that appellant was properly served within the time prescribed by law.

As we read CPLR 203 (subd [b], par 5), the requirement for "reasonable inquiry" is to insure that delivery of the sum-

mons is made to the proper Sheriff, i.e., the Sheriff in the county in which the defendant resides, is employed, or is doing business, or if none of these are known to the plaintiff, then the Sheriff of the county in which defendant last resided, was employed or did business.

Here, it is not disputed that Kronman's place of last employment prior to his removal to Florida was in New York County; nor that the summons was delivered to the proper Sheriff within the time frame specified in the statute (EPTL 5-4.1); nor is there any claim that more than 60 days elapsed between the time of such delivery and service of the summons upon Kronman (CPLR 203, subd [b], par 5).

Appellant would have us read the statute to mandate "reasonable inquiry" in every instance where the defndant's residence, place of employment or place of doing business is unknown to the plaintiff. We do not so interpret the statute, nor do the cases cited by appellant *(Trane Co. v Robinson Constr., supra; Yarusso v Arbotowicz,* 41 NY2d 516) so hold.

In *Trane,* the absence of reasonable inquiry was held fatal because the summons was delivered to the Sheriff of a county other than the county required by CPLR 203 (subd [b], par 5). The court emphasized that minimal inquiry would have disclosed the proper county. In *Yarusso,* effort was made to toll the Statute of Limitations under a different provision of law (CPLR 207). There, the statute dealt with tolling the period of limitation when the defendant was absent from the State. It expressly provided that the tolled period did not include those intervals when jurisdiction over the person of the defendant could be obtained without personal delivery of the summons to him within the State (CPLR 207, subd 3). Inasmuch as the defendant was amenable to "long-arm" jurisdiction and the plaintiff at all times knew where defendant could be personally served without the State, the court concluded that defendants' absence from the State did not toll the period of limitation.

Here, the purpose of the statute has been fully served. All that plaintiff was required to do was done. Delivery was made to the proper Sheriff. It was made within the time prescribed by law. The service of the summons upon Kronman was made in Florida on April 9, 1975, within the 60-day period fixed by law. Hence, the action was timely brought.

Accordingly, the order of the Supreme Court, Bronx County (KENT, J.), entered December 15, 1978, denying the motion of

defendant Kronman for partial summary judgment is affirmed, without costs or disbursements.

MURPHY, P. J., BIRNS, FEIN and SILVERMAN, JJ., concur.

Order, Supreme Court, Bronx County, entered on December 15, 1978, unanimously affirmed, without costs and without disbursements.