■ FLORENCE BARI, Respondent, v WAMSKAU REALTY INC., Appellant, et al., Defendants. — Order of the Supreme Court, New York County (Alfred M. Ascione, J.), entered January 13, 1983, denying the motion of defendant Wamskau Realty, Inc., to dismiss plaintiff's complaint as to it reversed, on the law, and the motion to dismiss granted, without costs. Plaintiff was injured by a fall in the courtyard of premises 565 Ft. Washington Avenue, New York City on April 5, 1974. Plaintiff resides in the premises. Defendants Wamskau and Eastern Savings Bank are alleged to have been the then owners of the premises and defendant Lemle & Wolfe, Inc., is alleged to be its managing agent. Service of the summons and complaint was allegedly effected on

Wamskau on March 25, 1977, 11 days short of the expiration of the Statute of Limitations. Wamskau neither appeared nor answered. By motion returnable September 9, 1980 plaintiff moved for a default judgment. Wamskau opposed on two grounds: first, it asserted that plaintiff's failure to move for a default judgment within one year after the alleged default constituted an abandonment of the action against it under CPLR 3215 (subd [c]); secondly, it asserted that the summons and complaint had been served on an officer of Lemle & Wolfe and that it and Lemle & Wolfe were separate and distinct entities and, therefore, personal jurisdiction over it had not been obtained. Special Term dismissed the action on the first ground noting that plaintiff had failed adequately to explain its failure to apply for a default judgment within one year after the default. While it did not pass on Wamskau's second ground it noted that there was serious question as to whether jurisdiction over Wamskau had, in fact, been obtained. We affirmed (86 AD2d 817). On May 18, 1982, approximately eight years after the accident, plaintiff again served a copy of the summons and complaint upon Wamskau. Wamskau moved to dismiss contending that the period of limitation had long since expired. Special Term denied the motion asserting that the commonalty of interest between Wamskau and Lemle & Wolfe, Inc. was such as to bring them within the ambit of CPLR 203 (subd [b], par 1) and, therefore, Wamskau was deprived of the defense of Statute of Limitations. We disagree. Nothing more is asserted than that Lemle & Wolfe is the managing agent for the premises. We are left wholly in the dark as to the nature and extent of its duties and obligations. Was it solely a rent collector? Did its duties extend to internal repairs? Was it responsible for repairs external to the building? Did its obligations extend to the repair of a broken flagstone outside the building? On the basis of this record we cannot tell whether there may be defenses available to Lemle & Wolfe which are not available to Wamskau or vice versa (*Stevens v Young,* 272 App Div 784; *Butler v UBS Chem. Co.,* 32 AD2d 8), or whether, on the facts which may be established, one defendant but not another may be held liable (*Scher v Kronman,* 70 AD2d 354). Indeed, we cannot tell whether "the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other" (*Prudential Ins. Co. v Stone,* 270 NY 154, 159). In short, we are asked to infer from the designation "managing agent", standing alone, that Wamskau had delegated complete control of the building to Lemle & Wolfe. In the absence of some proof to that effect we cannot do so. Here, there is no such proof. Concur — Asch, J. P., Silverman, Bloom, Fein and Kassal, JJ.