LAI CHUN CHAN JIN et al., Respondents, v BOARD OF ESTIMATE OF THE CITY OF NEW YORK et al., Appellants, and OVERSEAS CHINESE DEVELOPMENT CORPORATION, INC., Respondent.

First Department, April 17, 1984

### APPEARANCES OF COUNSEL

*Michael Gage* of counsel (*Leonard Koerner* with her on the brief; *Frederick A.O. Schwarz, Jr., Corporation Counsel,* attorney), for appellants.

*Roger K. Evans* of counsel (*Rose Ann Magaldi* with him on the brief; *Joyce Moy,* attorney), for respondents.

### OPINION OF THE COURT

CARRO, J.

On August 20, 1981 the Board of Estimate passed resolutions creating the Special Manhattan Bridge District, a new zoning prescription for development of residential

buildings in harmony with the existing character of the Chinatown area. This was the culmination of a two-year process, initiated in September of 1979 by the City Planning Commission (CPC), when that body published a study of the residential and commercial needs of Chinatown.

CPC previously adopted regulations, pursuant to the 1975 amendment to the City Charter (NY City Charter, § 197-c), providing for notice to the public of a hearing before the local community boards whenever proposals are made to alter existing land use guidelines. Those procedures were followed here and a hearing before Community Board No. 3 was held on April 28, 1981, after which the local board approved the zoning map amendment.

Petitioners are a group of individuals and neighborhood organizations who object to the creation of the Special Manhattan Bridge District (SMBD). On December 21, 1981, exactly four months after the final action of the Board of Estimate, they commenced an action seeking to annul the Board's action on the ground that the CPC regulations violated the due process clause of the Fourteenth Amendment by providing for less than adequate notice. Denominated a petition pursuant to CPLR article 78, the relief sought was actually declaratory in nature, and was so treated by Special Term, pursuant to CPLR 103 (subd [c]). (Cf. *Matter of Kovarsky v Housing & Dev. Admin.*, 31 NY2d 184.)

After submission of the "petition" and opposing papers to Special Term but prior to that court's decision, petitioners made a motion, on July 27, 1982, to amend their petition a second time in order to assert two additional claims and to add two parties, the Department of Environmental Protection and the Department of City Planning. Together these "lead agencies" conduct the City Environmental Quality Review (CEQR) of proposed zoning amendments. Petitioners allege the CEQR of SMBD was legally insufficient for want of an environmental assessment form and by its allegedly incorrect conclusion with respect to the environmental impact of the SMBD. The motion to amend was returnable August 4, 1982.

On that date Special Term issued its decision in favor of petitioners, declaring the CPC notice regulations to be

constitutionally defective (entered as a judgment September 28, 1982; see 115 Misc 2d 774). Petitioners' motion was denied without prejudice to renewal in the event of a reversal or modification of the judgment on appeal. By order of March 10, 1983, this court reversed Special Term (92 AD2d 218 [per Bloom, J.]), remanding the matter for other unrelated action by the original city respondents. One month later, on April 6, 1983, petitioners renewed their motion for leave to amend. The granting of that motion is now before us on appeal.

At the outset we note that a proceeding for review of the CEQR (and the original city respondents' action upon that recommendation) is governed by the four-month Statute of Limitations contained in CPLR 217. Contrary to Special Term's assertion, only an action seeking to declare a statute unconstitutional is cognizable after the four months has expired (*De Luca v Kirby,* 83 AD2d 621; *Lutheran Church in Amer. v City of New York,* 27 AD2d 237) and an action may not be labeled as one for a declaratory judgment merely to avoid the limitation imposed by CPLR 217 (*Solnick v Whalen,* 49 NY2d 224). Of course, had petitioners included their request for review of the CEQR action in their original petition, along with their constitutional challenge, Special Term would have had jurisdiction to address both issues. (*Matter of Kovarsky v Housing & Dev. Admin., supra,* at pp 192-193 [per Jasen, J.]; CPLR 3017, subd [a].)

Petitioners concede this, but argue that the "relation back" provision in CPLR 203 (subd [e]) saves their proposed CEQR challenges. We cannot agree. While certainly the City Planning Commission and the Department of City Planning (DCP) are related entities within the City of New York organizational framework, the latter has a distinct and separate role when it functions with the Department of Environmental Protection (DEP) as a lead agency for City Environmental Quality Review. And even were the CPC and the DCP considered to be "united in interest" (*Brock v Bua,* 83 AD2d 61, 69), such would not justify a conclusion that the DEP was similarly "united in interest" with the CPC and the Board of Estimate. (Cf. *Gagliardi v New York City Housing Auth.,* 88 AD2d 610, 611 [the city and the

housing authority not " 'united in interest' "]; *Scher v Kronman,* 70 AD2d 354, 356 [hospital and physician-employees not so similarly interested in wrongful death action that " 'they stand or fall together' "].)

While the result of such analysis might have been different had the original or first amended petition given notice of some challenge to the CEQR, such a nexus is absent here. Petitioners originally complained of the wisdom of the Board of Estimate's approval of the Special Manhattan Bridge District and attacked the CPC procedures for convening a public hearing before a community board. Neither the CPC nor any affiliate agencies can be said to have been put on notice thereby of errors in the CEQR.

Petitioners point to language in the Second Department's decision in *Brock v Bua* (*supra,* at p 64) that "the practical effect of subdivision (e) of CPLR 203 [is] to necessitate that a defendant now make a comprehensive timely examination of all the facts regarding the transactions, occurrences, or series of transactions or occurrences of which the plaintiff's complaint gives notice, rather than confining his preparation of a defense to only those facts disclosed in plaintiff's complaint."

We cannot read CPLR 203 (subd [e]) so broadly, at least where, as here, the Board of Estimate's approval of the SMBD was the culmination and product of a whole host of transactions and occurrences spanning several years. Paragraphs 34 to 45 of the original and first amended complaint, upon which petitioners claim that notice should have been taken, only complains of and relates to the 1979 "study" of the CPC and CPC's investigation of a private developer's application for a special permit. It did "not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading[s]." (CPLR 203, subd [e].)

Additionally, we note that the motion to amend came substantially after the merits of the matter had been submitted for final determination. Indeed, as we have noted, it was returnable on the very day that the opinion of Special Term was rendered. While CPLR 3025 (subd [b]) provides that leave to amend a pleading "shall be freely given upon such terms as may be just", we think that it

was an abuse of discretion to reserve the right to grant leave to amend after the matter was finally disposed of.

Accordingly, the order entered July 26, 1983 in Supreme Court, New York County (Ira Gammerman, J.), which granted petitioners' motion to amend their petition and to add two new parties as respondents, is unanimously reversed, on the law and the facts, and in the exercise of discretion, and the motion is denied, without costs.

Ross, J. P., Bloom, Milonas and Alexander, JJ., concur.

Order, Supreme Court, New York County, entered on July 26, 1983, unanimously reversed, on the law and the facts, and in the exercise of discretion, and the motion is denied, without costs and without disbursements.