■ ANITA GROSSMAN, Individually and as Executrix of HOWARD GROSSMAN, Deceased, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Defendants, and LINDA SODERBERG, Appellant.—Order, Supreme Court, New York County (Michael Dontzin, J.), entered December 19, 1990, which denied the defendant Soderberg's cross motion for summary judgment dismissing the complaint, affirmed, without costs.

The defendant Executive Health Examiners, whose principals include the defendants Drs. Richard E. Winter and William S. Wanago, contracted with E.F. Hutton Company to provide an occupational health nurse at E.F. Hutton's offices located at One Battery Park Plaza. The nursing station, which was staffed by the defendant Linda Soderberg, a licensed nurse employed by Executive Health Examiners, was established to render care to sick employees. Drs. Winter and Wanago were responsible for monitoring the quality of the health services provided.

On November 24, 1982, E.F. Hutton employee Howard Grossman went to the nursing station complaining of chest pains. After determining that Grossman required hospital care, Soderberg dialed 911. After Nurse Soderberg called a second time, an ambulance arrived. Mr. Grossman was pronounced dead at the hospital.

Mr. Grossman's wife instituted this action for conscious pain and suffering and wrongful death as a result of the alleged negligence of Executive Health Examiners and the defendant nurse in failing to promptly and properly respond to a cardiac emergency. She also sued the New York City Health and Hospitals Corporation ("HHC") based on the treatment rendered by the ambulance attendants.

With the two year statute of limitations for wrongful death about to expire on November 24, 1984 (EPTL 5-4.1), the plaintiff filed copies of the summons with the Clerks of Queens and New York Counties on November 21, 1984, in order to invoke the sixty-day tolling provision of CPLR 203 (b) (5) (i). Although Winter, Wanago and Executive Health Examiners were served with the summons and complaint on January 4, 1985, service upon Soderberg was not purportedly effected until January 24, 1985, one day after the sixty-day period had elapsed. Soderberg asserted the affirmative defenses of the

statute of limitations and lack of personal jurisdiction in her answer.

The defendant HHC then moved for summary judgment. The remaining defendants also cross moved for summary judgment on the merits. In addition, Soderberg cross moved for summary judgment based on her affirmative defenses of the statute of limitations and lack of personal jurisdiction. The plaintiff opposed the motions and cross moved to strike the affirmative defenses. The Supreme Court denied all the motions and cross motions with the exception of that portion of Soderberg's cross motion for summary judgment, based on the defense of lack of jurisdiction and service of process, which was referred to a Referee for determination, and the plaintiff's cross motion to strike the affirmative defenses raised by Winter, Wanago and Executive Health Examiners, which was granted since it was unopposed.

The defendant Soderberg appeals, as limited by her brief, from that portion of the Supreme Court's order which denied her cross motion for summary judgment on the statute of limitations defense. We agree with the Supreme Court, however, that since she was united in interest with Executive Health Examiners, the timely service of the summons and complaint on the defendants Winter, Wanago and Executive Health Examiners tolled the statute of limitations as to the defendant Soderberg.

CPLR 203 (b) provides: "Claim in complaint. A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when: 1. the summons is served upon the defendant".

"To be 'united in interest' it is not necessary to be joint contractors or to have a joint interest. If the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other, then they are 'otherwise united in interest' " (*Prudential Ins. Co. v Stone*, 270 NY 154, 159, quoting Civ Prac Act § 16).

The plaintiff alleged that both Soderberg and Executive Health Examiners were negligent with respect to the treatment rendered the decedent. Additional claims based on the adequacy of the corporate health unit and the training of its personnel were also raised against the company. While the dissent maintains that this difference in claims demonstrates that the defendants were not united in interest, the *only* personnel trained by Executive Health Examiners and the

*sole* employee at the corporate health unit was Soderberg *(cf., Scher v Kronman,* 70 AD2d 354). Unlike the defendants in *Scher,* the defendants herein are few enough not to call into doubt the ability to hold one liable for the acts of the other. The defendant company may be held vicariously liable for any negligent acts performed by Soderberg within the scope of her employment under the doctrine of *respondeat superior (supra).* The purpose of the statute of limitations will also be served since each of the defendants will have a fair opportunity to investigate claims against them and to prepare defenses *(see, Scheff v St. John's Episcopal Hosp.,* 115 AD2d 532; *Connell v Hayden,* 83 AD2d 30).

Since Soderberg is united in interest with the co-defendants, the timely service on the co-defendants tolled the statute of limitations with respect to Soderberg. Accordingly, her cross motion for summary judgment was properly denied.

In light of the foregoing, we do not reach the defendant's remaining contention. Concur—Murphy, P. J., Milonas, Rosenberger and Asch, JJ.

Sullivan, J., dissents in a memorandum as follows: Since I believe that we are bound by precedent and that this court's decision in *Scher v Kronman* (70 AD2d 354), which the majority is unable to distinguish, controls, I dissent and would modify to grant defendant Soderberg's cross-motion for summary judgment dismissing the complaint.

Party defendants are "united in interest" in accordance with CPLR 203 (b), so that a claim against one defendant constitutes interposition of a claim against another defendant only when their interests are such that, with respect to the plaintiff's claim, they would "stand or fall together" and judgment against one would similarly affect the other. *(Prudential Ins. Co. v Stone,* 270 NY 154, 159.) If different claims are asserted, with different defenses assertible, the defendants are not united in interest. The rule and the rationale therefor have been stated thus: "[W]here the two defendants are united in interest their defenses will be the same and they will either stand or fall together with respect to plaintiff's claim. Timely service upon of two such defendants gives sufficient notice to enable him to investigate all the defenses which are available to both defendants within the period of limitations. From this the rule has evolved that where one defendant 'may' have a defense which is not available to the other, they cannot be said to be united in interest * * * The mere possibility that a defendant who was served late could have such a different defense is all that is required because, the statute having run,

it is now too late for him to conduct an investigation into the viability of that defense. To determine unity of interest, therefore, one looks not to whether the two defendants *will* assert different defenses but rather whether they *could* assert such different defenses." *(Connell v Hayden,* 83 AD2d 30, 41-42 [emphasis added].) In the context of negligence and medical malpractice claims party defendants are considered united in interest when one is vicariously liable for the acts of the other. *(Raschel v Rish,* 69 NY2d 694.)

In the instant case, defendant Soderberg, even though employed by defendants Richard E. Winter and William S. Wanago, doing business as Executive Health Examiners, is not united in interest with them since different claims are asserted against the latter. Specifically, Examiners are alleged to have been negligent not only with respect to the treatment rendered to the deceased, which is the extent of the claim against nurse Soderberg, but also as to the adequacy of the health unit itself and the training of personnel there employed. It is alleged that Examiners failed to provide a proper facility and skilled personnel trained to respond to an emergency. Thus, Soderberg could not be held vicariously liable for Examiners' negligence in maintaining and staffing the health unit itself.

In *Scher v Kronman (supra,* 70 AD2d 354), the plaintiff alleged that certain doctors, employees of Columbian Presbyterian Hospital were therefore united in interest with the hospital. In rejecting that argument, this court noted, "While the hospital may be held liable for the negligence of any one or more of its employees under the doctrine of *respondeat superior,* it does not follow that an employee who was not negligent can be held liable for the malpractice of his fellow employee or employees." *(Supra,* at 356.) The court also noted that, as is the case here, an independent basis for liability was asserted against the hospital, namely, that it had failed to furnish adequate facilities and equipment, even though the jury might exonerate the doctors. Thus, the court held, "[I]t cannot be said of the doctors and Columbia-Presbyterian, that their 'interest * * * in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other[s]' ". *(Supra,* at 356, quoting *Prudential Ins. Co. v Stone,* 270 NY, *supra,* at 159.)

Here, defendant Soderberg is in precisely the same position as against Examiners as the doctors in *Scher (supra)* were with respect to the hospital. The claim that Examiners failed to provide a properly equipped facility and to train their

personnel to respond properly to a cardiac emergency is analytically identical to the claim in *Scher* that the hospital failed to furnish the plaintiff's decedent with adequate facilities and equipment. Here, as with the hospital in *Scher,* Examiners may be held liable for failing to provide a properly equipped facility even if defendant Soderberg acted properly and did not, in any respect, depart from accepted nursing practices. It should be noted that this court, in a subsequent decision, characterized *Scher* as standing for the proposition that a "hospital and physician-employees [were] not so similarly interested in wrongful death action that ' "they stand or fall together" ' ". *(Lai Chun Chan Jin v Board of Estimate,* 101 AD2d 97, 100; *see also, Bari v Wamskau Realty,* 99 AD2d 710, *affd* 64 NY2d 684.)

The majority attempts to distinguish *Scher (supra)* and its progeny by noting that, unlike the situation in *Scher,* Soderberg was "the *only* personnel trained by Executive Health Examiners and the *sole* employee at the corporate health unit" (emphasis in original). This is, of course, as any reading of *Scher* shows, a distinction without a difference. Whether Soderberg be the only employee or one of many at the health unit, it is precisely because of the assertion of a claim made, necessarily so because of its nature, against Examiners only, with respect to the adequacy of the health unit itself and the training of personnel employed there that the interests of Examiners and Soderberg are such that they would not "stand or fall together". *(Prudential Ins. Co. v Stone,* 270 NY, *supra,* at 159.)