OPINION OF THE COURT
Stephen G. Crane, J.
This motion for consolidation is denied. The cross motion for a joint trial is granted.
Action No. 1 is already the result of consolidation of two separate actions. Action No. 2, commenced as the Statute of Limitations period was ending, is the method its plaintiff used to draw in a party it had only just learned of in depositions in action No. 1.
These claims arise out of a single occurrence, a bursting pipe in the office of Lloyd Sara, D.D.S., causing property damage to merchandise and other property owned by Vojtech Blau, Inc. (VBI). VBI was insured for part of this loss by Hanover Insurance Co. (Hanover). Hanover is a plaintiff by way of subrogation. VBI is a plaintiff for its losses in excess of the insurance reimbursement. Another loss was caused by the same flooding to Mark Lemchen insured by Maryland Casualty Co. (Maryland) which sues as his subrogee. Defendant Barnet Schulman in action No. 1 was never served, and it is unclear on the papers what role 615 Company played. The court speculates that it was an owner or manager of the building. Hydraulic Plumbing & Heating Corp. (Hydraulic) was the contractor installing a sink in Dr. Sara’s office. This activity allegedly caused the incident. In action No. 2 Hydraulic curiously asserted cross claims against Dr. Sara and 615 Company. Recognizing that they are defendants in the companion action, Hydraulic alleged that those defendants "should stipulate to consolidate and merge these two actions.”
Hydraulic, in opposition to consolidation and in support of its cross motion for a joint trial, claims as the sole aspect of prejudice that, if the actions are consolidated, it will lose the defense of the Statute of Limitations it now has against claims of VBI in its own right and of Maryland. These plaintiffs were not as alert as Hanover in that they failed to start a separate action against Hydraulic or timely move for leave to amend their complaint to bring Hydraulic in as a defendant. Thus, their claims against Hydraulic are now barred.
CPLR 602 (a) prescribes: "When actions involving a common question of law or fact are pending before a court, the court, upon motion, may order a joint trial of * * * all the matters *433 in issue, may order the actions consolidated, and may make such other orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.” Consolidation fuses two or more actions into a single, organic lawsuit. Joint trial, on the other hand, maintains the separate character of each action but secures the practical advantage of a single trial of the issues common among them. (Mars Assocs. v New York City Educ. Constr. Fund, 126 AD2d 178, 185, lv dismissed 70 NY2d 747; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 602.02.) Consolidation will make codefendants of the defendants in the original, separated actions with the potential for amendments and the assertion of cross claims and counterclaims by them and new causes of action against them by, perhaps, plaintiffs who had not originally sued them. (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C602:2, at 182.)
The burden is on the party resisting consolidation to demonstrate prejudice. (Matter of Vigo S. S. Corp. [Marship Corp.], 26 NY2d 157, 161, cert denied sub nom. Share Corp. v Vigo S. S. Corp., 400 US 819.) The Appellate Division, Second Department, prefers joint trials over consolidations in the interests of justice and judicial economy. (Megyesi v Automotive Rentals, 115 AD2d 596, and cases cited.) Indeed, an example of such a preference is presented by a situation where only one party is common to both actions (Cola-Rugg Enters. v Consolidated Edison Co., 109 AD2d 726, 727) or where multiple suits arise from a single tort injuring many people. (2 Weinstein-Korn-Miller, op. cit, ¶ 602.03.)
With these broad principles in mind, we may now analyze the claim of Hydraulic that consolidation would prejudice its defense of limitations against potential claims by VBI and Maryland. First, we look at the role such a defense plays in the absence of consolidation.
Hydraulic could be made a third-party defendant in action No. 1. In that event, any plaintiff could amend its complaint to assert a claim directly against Hydraulic. Such a claim would relate back to the date the third-party complaint was filed (or served if the third-party action was brought under the procedure prior to CPLR 306-b, eff July 1, 1992). (Duffy v Horton Mem. Hosp., 66 NY2d 473, 478; Micari v Van Kesteren, 121 AD2d 524; Cucuzza v Vaccaro, 109 AD2d 101, 103, affd 67 NY2d 825.) This result is justified on the observation that allowing a *434 plaintiff to amend the complaint to assert a direct claim against the third-party defendant would not offend the policies embodied in the Statute of Limitations where a defendant is already aware of the claim, based on the same transaction or occurrence, previously asserted by another. Thus, it is the notice that a new defendant has within the period of limitations that allows another claim resting on the same transaction or occurrence to relate back under CPLR 203 (former [e]), now CPLR 203 (f). (See, Siegel, NY Prac § 49, at 60 [2d ed 1991]; 1 Weinstein-Korn-Miller, op. cit, ¶ 203.34, at 2-162.)
In the case at bar, no third-party complaint was filed (or served) to bring Hydraulic into action No. 1. Therefore, an amendment by any plaintiff in that action to assert a direct claim against Hydraulic would be untimely. In this scenario, then, Hydraulic would retain its limitations defense against VBI and Maryland.
A second possibility presents itself in the unconsolidated action No. 1. If Hydraulic is united in interest with Dr. Sara or 615 Company, an amended complaint and supplemental summons could be filed and served on Hydraulic in action No. 1. Hydraulic will be deemed to have received timely notice because of the same claim asserted against another defendant united in interest with Hydraulic. (CPLR 203 [c] [former (b)].)
By application of this united-in-interest theory, a claim against Hydraulic would relate back to the commencement of action No. 1 (CPLR 203 [c] [former (b)].) To qualify for this treatment, a plaintiff must meet three tests: "(1) both claims arose out of the same conduct, transaction or occurrence * * * (2) the new party is 'united in interest’ with the original defendant, and by reason of that relationship he can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits * * * and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well.” (Brock v Bua, 83 AD2d 61, 69; see, the application of this relation back theory in Town of Guilderland v Texaco Ref. & Mktg., 159 AD2d 829 [where the Court considered the limitations question in a consolidation context].) The Brock v Bua tests have been embraced by the Court of Appeals. (Mondello v New York Blood Ctr., 80 NY2d 219, 226.)
Applying these tests at bar demonstrates that Hydraulic would still have its limitations defenses against Maryland and VBI. These plaintiffs fail the third test of Brock v Bua (supra) *435 which requires them to show an excusable mistake in failing to join Hydraulic earlier and that Hydraulic was aware that the action would have been brought against it. There has been no demonstration as well that Hydraulic concealed its role or misled the plaintiffs in any way. (1 Weinstein-Korn-Miller, op. cit., [j 203.05.) This failure obviates the need to determine whether Hydraulic is united in interest with any other defendant in the first instance.*
Our second examination entails analysis of Hydraulic’s defense if the actions are consolidated. As in the impleader situation, as long as Hydraulic had notice of the claim within the period of limitations, another party may assert a claim based on the same transaction or occurrence. (Manti v New York City Tr. Auth., 146 AD2d 551 [adding a plaintiff]; Caffaro v Trayna, 35 NY2d 245 [substituting an executrix and adding a claim of wrongful death to the original negligence action]; cf., Alexander, 1992 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C203:3, 1994 Pocket Part, at 21, discussing Grossman v New York City Health & Hosps. Corp., 178 AD2d 323 ["(T)imely commencement of the action against one should suffice to protect those interests of the other that are safeguarded by the statute of limitations, i.e., opportunity for timely investigation of the claim and preparation of a defense. The presence of additional claims is not likely to dilute the relevant defensive efforts of the party against whom the action was initially commenced”]; see also, Siegel, NY Prac § 49, at 60.)
Given the liberality with which motions to amend a pleading pursuant to CPLR 3025 (b) are granted, it seems clear that consolidation will permit VBI or Maryland to assert their now barred claims against Hydraulic because Hydraulic will be deemed a codefendant against which Hanover, a coplaintiff, timely asserted a cause of action based on the identical occurrence. Without consolidation, claims of VBI and Mary *436 land directly against Hydraulic would be barred. Hence, consolidation prejudices Hydraulic.
The curious pleading of Hydraulic virtually demanding consolidation could be considered a waiver of its objection to consolidation. Yet, Hanover has not relied on this circumstance, and the opportunity remains for Hydraulic to move to amend its pleading to delete this language.
Hanover’s argument, to the effect that action No. 1 resulted from consolidation and a denial of its motion for consolidation of action No. 2 would be inconsistent is without merit. There was no opposition to the prior consolidation. It was granted on default. No party claimed prejudice. And, Hydraulic was not heard on that prior motion.

 Parties are considered united in interest when they stand or fall together, and judgment against one will affect the other. (1 Weinstein-Korn-Miller, op. cit., H 203.06.) This depends on the legal relationship between them. If one is vicariously liable for the negligence of the other, rather than being joint tortfeasors, they will be united in interest. (Raschel v Risk, 69 NY2d 694, 697; compare, Connell v Hayden, 83 AD2d 30, 45, with Ruane v Cooper, 127 AD2d 524, 525, lv dismissed 70 NY2d 693, and Bari v Wamskau Realty, 99 AD2d 710, 711, affd 64 NY2d 684; see also, Mondello v New York Blood Ctr., 80 NY2d 219, 230, supra.) The papers on this motion and cross motion are inadequate to assess the relationship between Hydraulic and any defendant timely sued in action No. 1.