■ Mian Rahi, Respondent, v Leo Fang, Defendant, and Michael Sannell et al., Appellants. [665 NYS2d 641] —Order, Supreme Court, New York County (Paula Omansky, J.),

entered January 24, 1996, which, in an action for personal injuries against defendants driver and owner of a vehicle that collided with plaintiff's vehicle, denied defendants' motion to dismiss the complaint as time-barred, unanimously affirmed, with costs.

The IAS Court correctly held that for purposes of the Statute of Limitations, defendant owner is united in interest with defendant driver (CPLR 203 [b], [c]; *Jordan v Westhill Cent. School Dist.*, 42 AD2d 1043; *cf.*, *Grossman v New York City Health & Hosps. Corp.*, 178 AD2d 323). Since the action was commenced prior to the effective date of current CPLR 304 and 306-b, timely service of the summons and complaint on the driver constituted timely service on the owner (CPLR 203 [b] [1]), and plaintiff's failure to file proof of service until more than three years after the accident was a nonjurisdictional defect that, absent prejudice, could be cured by the granting of leave to file nunc pro tunc (*see*, *Reporter Co. v Tomicki*, 60 AD2d 947, *lv dismissed* 44 NY2d 791).

We have considered defendants' remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Nardelli, Williams and Andrias, JJ.