(January 26, 1999)

■ ESTANISLAO CUELLO, Respondent, v JAGDISH PATEL, Appellant, et al., Defendants. [684 NYS2d 528] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered June 6, 1997, which denied defendant-appellant's motion to dismiss the complaint on Statute of Limitations grounds, unanimously affirmed, without costs.

In June of 1992, plaintiff timely commenced this wrongful death action against defendant Local 32E Health Center (Health Center) alleging that it had failed to diagnose and treat plaintiff's decedent's colon cancer, had negligently allowed undertrained and unlicensed personnel to use its facilities, and had negligently failed to properly maintain its equipment.

On February 22, 1994, plaintiff commenced a separate action against defendant-appellant, who is the representative of the estate of a doctor who treated plaintiff's decedent, and several other physicians, all of whom were alleged to have been employed at the Health Center at the time of plaintiff's decedent's treatment and to have participated in his treatment. It is undisputed that the claims against these defendants, which have since been consolidated with the first action, were not timely commenced unless they relate back to the time of the commencement of the first action.

Under CPLR 203 (b), a claim asserted against a defendant is deemed also to be asserted at that time as against any later added codefendant if (1) both claims have arisen out of the same conduct, transaction or occurrence; (2) the new party is "united in interest" with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delay; and (3) the new party knew or should have known that, but for a mistake by the plaintiff in originally failing to identify all the proper parties, the action would have been brought against the additional party united in interest as well (*see, Buran v Coupal*, 87 NY2d 173).

Here, the only prong of this three part test at issue is the

second, i.e., whether defendant-appellant is united in interest with the Health Center.

As a general matter, unity of interest will be found where there is a relationship between the parties giving rise to the vicarious liability of one for the conduct of the other (*see, Raschel v Rish*, 69 NY2d 694; *Mondello v New York Blood Ctr.— Greater N. Y. Blood Program*, 80 NY2d 219, 266). Thus, the test has been stated as whether " 'the interest of the parties in the subject-matter is such that they [will] stand or fall together and that judgment against one will similarly affect the other' " (*Connell v Hayden*, 83 AD2d 30, 40, quoting *Prudential Ins. Co. v Stone*, 270 NY 154, 159).

The motion court found that questions of fact remain as to whether there is an employment relationship between the parties that would give rise to vicarious liability on the part of the Health Center so that the Health Center could be held liable for defendant-appellant's decedent's negligence, if any, and could, in turn, seek indemnification from defendant-appellant. Plaintiff has not appealed that ruling. Defendant-appellant, however, without contesting that factual issues remain regarding his decedent's relationship with the Health Center, argues that he was nevertheless entitled to dismissal on Statute of Limitations grounds. Defendant-appellant's argument is based on his contention that the claim against him may not relate back to that against the Health Center because plaintiff has asserted additional claims against the Health Center and because there are multiple potential codefendants for whom the Health Center is potentially vicariously liable.

We reject this argument. Merely because the Health Center may be liable for additional claims, whether directly or vicariously through its relationship with the other individual defendants, does not obviate the circumstance that, as to the claim asserted against defendant-appellant, and assuming an employment relationship is established, the fate of the Health Center and defendant-appellant would rise and fall together (*see, Grossman v New York City Health & Hosps. Corp.*, 178 AD2d 323). Under the present facts, timely service on one would fairly be deemed to be timely as to the other. To the extent that *Scher v Kronman* (70 AD2d 354) is to the contrary, it is overruled. Concur—Ellerin, J. P., Williams, Wallach, Mazzarelli and Andrias, JJ.