■ GUADALUPE ALAMO, Respondent, v CITIDENT, INC., et al., Defendants, and PATRICIA PHIPPS, D.D.S., D.M.D., et al., Appellants. [899 NYS2d 39]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered December 26, 2008, which, to the extent appealed from, granted plaintiff's cross motion for leave to serve a supplemental summons and amended complaint upon defendant Phipps, unanimously affirmed, without costs.

For purposes of the statute of limitations, defendant dentist was united in interest with the timely-served defendant dental practice (CPLR 203 [c]). Contrary to defendant Dr. Phipps' argument, the language of section 203 (c) and its interpretive case law does not limit applicability of the unity-of-interest rule to new defendants who are sought to be added to an action after expiration of the applicable statute of limitations (*see e.g. Rahi*

*v Fang*, 245 AD2d 13 [1997]; *Grossman v New York City Health & Hosps. Corp.*, 178 AD2d 323 [1991]). Furthermore, plaintiff met her burden of satisfying the three conditions for "relating back" associated with application of the unity-of-interest rule (*see generally Buran v Coupal*, 87 NY2d 173 [1995]). Dr. Phipps acknowledges that the dental malpractice claims arose from her treatment of plaintiff at defendants' dental office, and that vicarious liability serves as the predominant basis for holding the corporate defendants liable in this action (*see generally Grossman*, 178 AD2d at 324-325). By reason of the united-in-interest relationship she shares with the corporate defendants, Dr. Phipps, who does not personally deny awareness of this action, can be charged with notice of its initiation, notwithstanding that she was no longer in the corporate defendants' employ when they were timely served with pleadings (*see e.g. Scheff v St. John's Episcopal Hosp.*, 115 AD2d 532, 534-535 [1985]). Concur—Mazzarelli, J.P., Sweeny, Renwick, Freedman and Román, JJ.