■ GRANT BROWN et al., Respondents, v MIDTOWN MEDICAL CARE CENTER et al., Appellants, et al., Defendant. [947 NYS2d 109]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about June 2, 2011, which, insofar as appealed from, in this action alleging medical malpractice, granted plaintiffs' motion to amend the caption and complaint to include a cause of action against Dr. John McKnight, unanimously affirmed, without costs.

Plaintiffs allege a failure to diagnose and properly treat the decedent's lung cancer while she was a patient at defendant Midtown Medical Care Center. For purposes of the statute of limitations, Dr. McKnight is united in interest with Midtown Medical Care Center, with whom he had an employment relationship giving rise to vicarious liability, and allowing the physician to be charged with notice of the action (see CPLR 203 [c]; Buran v Coupal, 87 NY2d 173, 178 [1995]; Alamo v Citident, Inc., 72 AD3d 498 [2010]; Cuello v Patel, 257 AD2d 499, 500 [1999]). Dr. McKnight should have known that, but for plaintiffs' mistake in identifying the treating provider on the dates in questions, he would have been timely named in this action. Moreover, there is no showing of bad faith in plaintiffs' mistake or prejudice (see Buran at 178-181; Austin v Interfaith Med. Ctr., 264 AD2d 702, 704 [1999]). Concur—Gonzalez, P.J., Tom, Andrias, Acosta and Freedman, JJ.