Ramirez v Elias-Tejada (2019 NY Slip Op 00021)





Ramirez v Elias-Tejada


2019 NY Slip Op 00021


Decided on January 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 3, 2019

Sweeny, J.P., Manzanet-Daniels, Gische, Tom, Moulton, JJ.


300174/12 -300885/13 -7801A 7801 7800 7799

[*1] Pilar Ramirez, et al., Plaintiffs-Appellants,
v
Jose Elias-Tejada, et al., Defendants-Respondents.
Jose A. Corchado, Plaintiff,
v
Michael P. Thomas, et al., Defendants-Respondents.
Paul Charles Yovino, Third-Party Plaintiff,
v
Jose Elias-Tejada, Third-Party Defendant-Respondent.
Jose M. Elias-Tejada, Plaintiff,
v
Michael P. Thomas, et al., Defendants-Respondents. Fairway Douglaston LLC, et al., Nonparty Respondents.


Pazer, Epstein, Jaffe & Fein, P.C., New York (Matthew J. Fein of counsel), for Pilar Ramirez and Yedmy Batista Peralta, appellants.
Raymond Schwartzberg & Associates, PLLC, New York (Raymond Schwartzberg of counsel), for Delio Polanco, appellant.
Martin Fallon & Mullè, New York (Stephen P. Burke of counsel), for Jose Elias-Tejada, respondent.
Russo & Tambasco, Melville (Susan J. Mitola of counsel), for Paul Charles Yovino, respondent.
Law Office of Brian Rayhill, Elmsford (Karen Queenan of counsel), for Michael P. Thomas, [*2]respondent.
O'Connor Redd LLP, Port Chester (Hillary P. Kahan of counsel), for Fairway Douglaston, LLC and Fairway Group Holdings
Corp., respondents.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered August 10, 2016, which, inter alia, denied plaintiff Delio Polanco's motion for leave to serve a supplemental summons and complaint, unanimously reversed, on the law, without costs, and the motion granted. Order, same court and Justice, entered on or about April 26, 2017, which granted defendant Jose Elias-Tejada's motion to amend his answer to assert a defense based on Workers' Compensation Law §§ 11 and 29, unanimously affirmed, without costs. Order, same court and Justice, entered on or about April 28, 2017, which granted defendant Paul Charles Yovino's motion for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs. Order, same court and Justice, entered on or about May 4, 2017, which denied plaintiffs Pilar Ramirez and Yedmy Batista Peralta's cross motion for summary judgment as to liability and serious injury, unanimously modified, on the law, to grant the motion solely as to the lack of culpable conduct on their part, and otherwise affirmed, without costs.
These consolidated actions arise from a three-car collision that occurred on December 12, 2011 when a car driven by defendant Jose Elias-Tejada stalled on the Throgs Neck Bridge. Paulina Cortorreal Hiciano, plaintiff Polanco's decedent (his wife), and plaintiffs Ramirez and Peralta were passengers in Elias-Tejada's car. Jose Corchado (plaintiff in Action No. 2), was a passenger in that car as well. Elias-Tejada's car was struck from behind by a car driven by defendant Michael P. Thomas. A third car, driven by defendant Paul Charles Yovino, struck Thomas's car from behind. The decedent, who was seated behind Elias-Tejeda, was transported to a hospital where she was pronounced dead. Ramirez, Peralta, the decedent and Elias-Tejada were all employees of Fairway and they were carpooling their way to a newly opened Fairway store in Douglaston.
In 2012, Polanco commenced an action against the three drivers of the cars, Elias-Tejada, Thomas, and Yovino. Ramirez and Peralta commenced their own action against the same defendants. The two actions were later consolidated into the Polanco action (Action No. 1). Also in 2012, Ramirez and Peralta, who are represented separately from Polanco, commenced a separate action against two Fairway entities, alleging that Elias-Tejada was transporting them within the scope of his employment when the accident occurred and that Fairway was vicariously liable for their injuries (Ramirez v Fairway Douglaston, LLC, Supreme Court, Bronx County, Index No. 309415/12) (Fairway action).
Polanco now seeks to amend his complaint to assert claims against various Fairway entities, similar to those in the Fairway action, relying on the relation back doctrine because the statute of limitations has expired (see CPLR 203[f]). The motion court denied leave to serve an amended complaint on the basis that Polanco had not met the conditions warranting application of the relation back doctrine (see Buran v Coupal, 87 NY2d 173, 178 [1995]). The motion court, however, permitted Elias-Tejada to amend his answer to assert a Workers' Compensation Law defense against all three plaintiffs, notwithstanding that such defense could have been pleaded in the original answer or more promptly.
CPLR 203(f) is a codification of the relation back doctrine (O'Halloran v Metropolitan Transp. Authority, 154 AD3d 83, 86 [1st Dept 2017]). It provides that "[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions [or] occurrences . . . to be proved pursuant to the amended pleading" (CPLR 203[f]; see also Giambrone v Kings Harbor Multicare Ctr., 104 AD3d 546, 548 [1st Dept 2013]). Application of the relation back doctrine allows a plaintiff to "correct a pleading errorby adding either a new claim or a new partyafter the statutory limitations period has expired" (Buran, 87 NY2d at [*3]177). Where, as here, a plaintiff seeks to add new defendants, not just assert more claims against defendants already in the action, the following three conditions must be met before claims against one defendant may relate back to claims against another:
"(1) both claims arose out of same conduct, transaction or occurrence; (2) the new party is united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for a[] ... mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well" (id. at 178 [internal quotation marks omitted]).
The motion court determined, and we agree, that Polanco met his burden as to the first condition. The claims that Polanco seeks to assert against Fairway arise out of the same occurrence as alleged in the complaint against Elias-Tejada, Thomas, and Yovino. Unlike the motion court, however, we find that Polanco also satisfied the second condition, because under the doctrine of respondeat superior, an employer will be vicariously liable for the negligence of an employee committed while the employee is acting in the scope of his or her employment (see e.g. Lunberg v State of New York, 25 NY2d 467, 470 [1969]). Based on Elias-Tejada's employer/employee relationship with Fairway, they are united in interest because a judgment against one of them will similarly affect the other (Grossman v New York City Health & Hospitals Corp., 178 AD2d 323, 324 [1st Dept 1991]). Under those circumstances, the Fairway defendants can, therefore, be charged as having notice of Polanco's potential claims against them, based upon the claims asserted against Elias-Tejada in the original summons and complaint (see id.; Davis v Larhette, 39 AD3d 693 [2d Dept 2007]).
Polanco has also shown that but for a mistake, he would have sooner moved to amend his complaint to assert a claim against Fairway and that the Fairway defendants will not be unduly prejudiced by allowing him to serve the amended complaint proposed (O'Halloran 154 AD3d at 89). Buran does not require that Polanco show an "excusable" mistake. What is required is that a mistake was made in failing to sue the prospective defendant within the applicable time limitations (Buran at 175, 179). To establish he made a mistake in not bringing the Fairway defendants into the action sooner, Polanco explains that certain important information was not available to him until well into 2016 because of the delay in depositions. Although he had a general awareness of the decedent's travel arrangements with Elias-Tejada, it was a relatively new arrangement only in place for two weeks prior to the accident. Polanco knew the decedent paid Elias-Tejada $30 a week in cash to transport her and other Fairway employees from the Bronx to the new Fairway store in Douglaston, but he thought the carpool was for her own personal convenience. Only later, after depositions were held, including those of a key Fairway employee and Elias-Tejada, did he learn that Fairway compensated Elias-Tejada for hosting the car pool and that this travel arrangement was condoned, if not actually implemented and encouraged, by Fairway's human resources department because Fairway reimbursed him for tolls and mileage.
Despite its December 2012 commencement date, issue was not joined in the Fairway action until 2016. During that four-year period Fairway pursued pre-action discovery related to Ramirez's and Peralta's workers' compensation filings. The action was delayed even further when Fairway filed for bankruptcy in March 2016. The Fairway defendants subsequently moved to dismiss the complaint, which motion was denied in December 2016. Fairway's opposition largely focuses on the fact that they will face increased or unexpected liability and that its identity as the decedent's employer was known at the outset. "Prejudice does not occur simply because a defendant is exposed to greater liability or because a defendant has to expend additional time preparing its case" (O'Halloran at 89), and Polanco has explained why he did not have full knowledge of the necessary facts sooner. The mistake was not as to Fairway's identity, but as to whether Elias-Tejada was "on the job" when the accident occurred.
As for Elias-Tejada's motion to amend his answer to assert a Workers' Compensation Law defense, the applicability of the defense to each of the injured plaintiffs and the decedent is disputed. Since it cannot be concluded, as a matter of law, that the defense is palpably insufficient or patently devoid of merit, Elias-Tejada's motion was properly granted (see e.g. Ifafore v Lebron, 111 AD3d 570 [1st Dept 2013]).
The record demonstrates as a matter of law that any negligence on Yovino's part in the operation of his vehicle was not a proximate cause of the injured plaintiffs' or the decedent's injuries. There is no evidence controverting Yovino's testimony that his vehicle hit Thomas's vehicle after Thomas's had struck Elias-Tejada's vehicle. None of the occupants of Thomas's or Elias-Tejada's vehicle testified that they were aware of the contact between Yovino's and Thomas's vehicle. Plaintiffs acknowledge that the contact between Yovino's vehicle and Thomas's vehicle did not propel Thomas's vehicle forward or otherwise affect it.
Ramirez and Peralta failed to submit proof in admissible form entitling them to summary judgment on the threshold issue of serious injury, because the medical records they submitted were not sworn or certified (CPLR 4518[c]). In addition, their cross motion was untimely, and serious injury was not the subject of a timely motion (see Filannino v Triborough Bridge & Tunnel Auth., 34 AD3d 280, 281-282 [1st Dept 2006], appeal dismissed 9 NY3d 862 [2007]). As to liability, Ramirez and Peralta's argument is merely that they were not culpable. Although lack of culpable conduct also was not the subject of a timely motion, and although Ramirez and Peralta are not entitled to summary judgment on the issue of defendants' negligence, we grant these plaintiffs summary judgment on the limited issue of their lack of culpable conduct, because defendants do not dispute that as innocent passengers they were not at fault in the happening of the accident (see Oluwatayo v Dulinayan, 142 AD3d 113, 115 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 3, 2019
CLERK